**ALLIANCE TO END REPRESSION et al., Plaintiffs,**

v.

**James ROCHFORD et al., Defendants.**

**Nos. 74 C 3268.**

United States District Court, N. D. Illinois, E. D.

Nov. 10, 1976.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on plaintiffs' motion to impose sanctions for defendants' failure to answer certain interrogatories pursuant to Rule 37(d), Federal Rules of Civil Procedure.

On December 12, 1974 plaintiffs served interrogatories on defendants, including the three interrogatories which are the subject of this motion. On March 5, 1976 this Court granted plaintiffs' motion to compel answers to the interrogatories and ordered defendants to answer on or before March 30, 1976.

Defendants answered the interrogatory seeking the identities of 180 confidential informants by stating that some identity records were destroyed between May and August, 1974 and others in November, 1974. Defendants answered interrogatories seeking data about information dissemination beyond the Intelligence Division of the Chicago Police Department by stating that dissemination records were destroyed after a one-year holding period and that the most current records of information dissemination could not be found. Plaintiffs allege that defendants failed to produce any authorizations for the destruction of records as outlined above.

Plaintiffs argue that defendants' answers to these interrogatories are incomplete and

must be treated as *failures* to answer under Rule 37(a)(3). Plaintiffs therefore argue that this Court should impose sanctions.

Defendants respond that plaintiffs have not established that there was anything improper about the fact that no written documents exist and none can be found. Defendants argue that plaintiffs' motion for sanctions admits that defendants answered the interrogatories and therefore plaintiffs cannot validly express dissatisfaction with those answers by a motion for sanctions. This Court does not agree.

Rule 37(a)(3) provides that:

For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

The Advisory Committee notes to Rule 37 state that:

Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery.

. . . . .

[F]lexibility as to sanctions eliminates any need to retain the requirement that failure to . . . respond be "wilful".

■ Upon careful examination of these interrogatories and defendants' answers, this Court concludes that the answers given by defendants were both "incomplete" and "evasive" within the meaning of Rule 37. Defendant Walter Murphy's sworn answers to these interrogatories refer *only* to the unavailability of information because certain documents were not available, but make no mention of defendant's *personal* knowledge of the information sought. This Court finds that interrogatory answers which are limited to information affiant obtained from documents and which make no statement as to affiant's personal knowledge of facts which the documents would have revealed are both incomplete and evasive. This Court must therefore assume that affiant *had* personal knowledge of the facts but did not swear to anything more than the fact that documents were unavailable. Such interrogatory answers are unacceptable.

■ This Court is further convinced that defendants' document destruction between May and November, 1974 makes it impossible for plaintiffs to obtain definitive answers to the interrogatories. While the destruction of documents here in issue occurred *before* suit was filed in November, 1974, plaintiffs have convincingly demonstrated that defendants obtained reports that plaintiffs were about to file suit from paid informants who infiltrated plaintiff Alliance to End Repression. One such informant warned defendants:

Note: it seems this time they are finally ready to proceed with the law suit. It would only seem reasonable that any steps that can be taken to prepare for the possible problems should be taken as soon as possible. It may be too late if postponed. (Exhibit B, Plaintiffs' Reply Memorandum on Motion for Sanctions)

Defendants have nowhere stated that document destruction here in issue was in the ordinary course of business nor have they shown any written authorization for that destruction.

The destruction of documents before suit and defendant Murphy's failure to answer interrogatories from personal knowledge renders useless plaintiffs' attempt to obtain meaningful answers to interrogatories on the issues of identity of confidential informants and of information dissemination by the Intelligence Division. This Court therefore finds that plaintiffs are entitled to sanctions for defendants' failure to answer interrogatories in a meaningful way.

■ This Court concludes that defendants must be prohibited from introducing as evidence at trial any documents which they now allege to be lost or destroyed. In addition to prohibiting the use of these unavailable documents at trial, there is need for a sanction which protects plaintiffs' ability to prove allegations of infiltration and information dissemination and protect defendants' ability to rebut plaintiffs' allegations. Treating allegations of the complaint as true because of defendants' failure to comply with discovery does not allow defendants to rebut those allegations.

In order to protect the parties' right to prove their respective contentions, this Court follows the approach taken by the District Court for the District of Columbia in *Black v. United States,* 389 F.Supp. 529 (1975). In that case, plaintiff alleged that defendant's unlawful electronic surveillance and dissemination of information damaged him financially. The Court was faced with defendant's failure to produce logs kept on the electronic surveillance of plaintiff.

The Court recognized competing interests, *i. e.,* that the withheld documents constituted necessary proof in plaintiff's case and that defendant intended to show that plaintiff's damage was caused by intervening and superceding causes. The Court balanced the interests of the parties and ordered that it be deemed established for trial that plaintiff made a *prima facie* showing of causation in fact. Defendants were free to rebut that case by introducing evidence on their own behalf.

This Court believes that a similar balancing of interests should occur here. Because of the unavailability of information about the names of confidential informants and about information dissemination beyond the Intelligence Division, plaintiffs will be unable to prove the allegations of paragraphs 82, 96, and 97 of their complaint. It is therefore ordered that paragraphs 82, 96, and 97 of plaintiffs' complaint be admitted *prima facie.* Defendants have the burden of rebutting the allegations of these paragraphs to show that they did not:

Disseminate derogatory information to *Chicago Tribune* reporter Ronald Koziol in order to smear and defame . . . plaintiffs in a major newspaper at specified dates. (*See* Paragraph 82, plaintiffs' complaint)

Regularly assign informers and undercover police officers to infiltrate political, community, religious, and social organizations to report on and monitor the activities of such organizations and their members. (*See* Paragraph 96, plaintiffs' complaint)

Instruct informers and undercover agents to provoke, encourage, and solicit members of the target organization to participate in unlawful activities. (*See* Paragraph 97, plaintiffs' complaint)

## CONCLUSION

Accordingly, and for the reasons hereinbefore set forth, the Court finds and holds that plaintiffs have made a *prima facie* showing as to Paragraphs 82, 96, and 97 of the complaint. It is ordered that defendants have the burden of showing that they have not engaged in the activities therein described.