448 F.Supp. 813 (1978)
Charles W. DEPENDAHL, Jr., et al., Plaintiffs,
v.
FALSTAFF BREWING CORPORATION et al., Defendants.
John C. CALHOUN, Plaintiff,
v.
FALSTAFF BREWING CORPORATION et al., Defendants.
Nos. 75-701C(3), 76-24C(3).
United States District Court, E. D. Missouri, E. D.
April 18, 1978.
*814 Harry B. Wilson, Jr., Carroll J. Donohue, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiffs.
Stuart Symington, Jr., William James O'Herin, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon plaintiffs' motion to enforce a settlement agreement. Plaintiffs brought these suits, pursuant to 29 U.S.C. § 1132, for recovery of benefits, and equitable relief, in connection with certain alleged employee benefit plans, and for damages for alleged deceit and interference with contract rights.
On April 10, 1978, a hearing was held upon plaintiffs' motion to enforce the settlement agreement allegedly entered into between the parties. From the facts adduced therein, the Court finds as follows:
In October, 1976, the parties, and their counsel, were present in St. Louis, Missouri for the taking of depositions. Settlement negotiations resulted and in fact, this cause was passed for settlement. Efforts to reduce the settlement to writing, however, were unavailing. From October, 1976 through March, 1977, the parties attempted to draft writings which accorded with the agreement allegedly reached in October. From the correspondence, it would appear that some details of the October, 1976 settlement had not been resolved. Nevertheless, the parties were attempting to reach a full agreement. In June, 1977, counsel for plaintiffs, Carroll J. Donohue, went to San Francisco, California at the request of defendant Kalmanovitz and Joseph Griesedieck, Jr., then president of defendant Falstaff Brewing Corporation. At this meeting, the parties reached a full settlement. Mr. Donohue returned to St. Louis that evening and was to prepare written documents reflecting the agreement reached. A document was prepared and sent to defendant Falstaff on June 17, 1977. In the letter accompanying said document, Mr. Donohue indicated that there were some technical details which needed to be resolved. It is clear, however, that a full settlement was reached between the parties in San Francisco. Soon thereafter, Mr. Griesedieck informed Mr. Donohue by telephone that the settlement agreement would not be signed because defendant Kalmanovitz was angered by the filing of another employee lawsuit, unrelated to the instant case.
The settlement agreement reached in June, 1977 basically provided for payment of 90% of the severance pay sought herein, the maintenance of a Contractual Benefit Plan for these plaintiffs; the vesting of plaintiff Calhoun's interest in the pension plans; and the dismissal of the claims and counterclaims between the parties herein. The only area that apparently remained unresolved was the manner of handling the *815 insurance provided for in the Contractual Benefit Plan in such a way as to minimize the tax consequences to plaintiffs. From the correspondence it appears that in San Francisco, the parties had contemplated that Mr. Donohue would be the trustee of the policies; after conferring with tax attorneys, Mr. Donohue suggested that he be designated as an escrow agent to avoid certain tax liabilities.
As is frequently noted, settlement agreements are favored by the courts and the courts have the power to enforce the same. Autera v. Robinson, 136 U.S.App. D.C. 216, 419 F.2d 1197 (1969). Once an agreement is reached, the parties can not rescind the same. Kelly v. Greer, 365 F.2d 669 (3d Cir. 1966); Cummins Diesel Michigan, Inc. v. Falcon, 305 F.2d 721 (7th Cir. 1962).
In response to the instant motion, defendants contend that plaintiffs abandoned the settlement; that there was no settlement because the parties contemplated a written agreement before settlement was effective; and that the settlement is illegal under ERISA, 29 U.S.C. § 1001 et seq.
The Court disagrees with defendants' contention that the delay between the repudiation of the settlement agreement and this motion to enforce the same warrants the conclusion that the settlement was abandoned. In the intervening period, plaintiffs did proceed toward trial preparation. Plaintiffs, however, also attempted to depose certain individuals, in part, with reference to the settlement reached. There were numerous problems in connection with the scheduling of these depositions, said problems resulting in extensive delays. On the record herein, the Court is unable to conclude that plaintiffs abandoned the settlement. In any event, regardless of the actions of the plaintiffs herein, this Court has the inherent power to enforce a settlement agreement even in the absence of such a motion by a party to the suit. See Sherwood Medical Industries, Inc. v. Deknatel Incorporated, No. 74-249C(3) (E.D.Mo. October 5, 1976) wherein the court sua sponte enforced a settlement agreement reached some seven months prior.
Defendants argue that certain provisions in the settlement violate provisions of ERISA, 29 U.S.C. § 1001 et seq. The Court disagrees with this contention. Additionally, the settlement does not purport to create any rights other than contractual rights growing out of the settlement agreement.
The evidence adduced herein fails to establish that the parties contemplated a written agreement before the settlement was effective. There is no requirement that the agreement be reduced to writing. Kukla v. National Distillers Products Company, 483 F.2d 619 (6th Cir. 1973); Autera v. Robinson, supra. From the evidence adduced, the Court finds that a settlement agreement had been reached, which was to be reduced to writing; the agreement, however, was not contingent upon a writing.
In Pyle v. Wolf Corporation, D.C., 354 F.Supp. 346 (D.Or.1972), the court considered four factors in determining whether the parties intended to be bound by the settlement prior to the execution of a written document: the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities. The negotiations herein extended over a long period of time. The final negotiation date, in June, 1977, was initiated by defendants and the agreement reached was the result of extensive bargaining between the parties. There was clearly agreement on the material terms; the only area which remained unresolved was the manner of handling the insurance policies in such a way as to minimize the tax consequences. This unresolved area apparently presented little concern to defendants. Defendants' refusal to execute the document was not as a result of a dispute whether the written document reflected the settlement reached. Instead, it was the result of anger at the filing of a lawsuit unrelated to the instant one. There is no doubt from the evidence that, until repudiation, the parties considered the cases settled. Accordingly, the Court will enforce the settlement reached.
*816 Both plaintiffs and defendants have moved for an award of attorneys' fees in connection with the instant motion. Defendants contend that there is no basis for enforcing a settlement agreement, since such an agreement was not ever made. Accordingly, defendants assert that they are entitled to an award of attorney's fees incurred in connection with the instant motion. The Court has found that the parties did in fact reach a settlement agreement in June, 1977. Under these circumstances, defendants are not entitled to an award of attorney's fees.
Plaintiffs contend that they are entitled to an award for those attorneys' fees incurred after defendants' refusal to abide by the settlement agreement. Plaintiffs introduced evidence relating to fees and expenses from and after the October, 1976 settlement, and from and after the June, 1977 settlement. The Court has found that no agreement was completed in October, 1976. An agreement was reached in June, 1977, however, and defendants repudiated the same.
In Schmidt v. Zazzara, 544 F.2d 412 (9th Cir. 1976), the court awarded attorney's fees incurred after the repudiation of a settlement agreement. The facts therein, however, are so distinguishable from the situation herein as to afford little support for an award. The Court is aware that throughout the history of this case, the actions of defendants, not those of their counsel, have been slow and have caused the expenditure of more time than is necessary in completing the discovery and meeting the issues in the case. Nevertheless, the Court is constrained to find that it is unable to award attorney's fees to plaintiffs under the facts herein.