Charles **DEPENDAHL** et al., Plaintiffs,

v.

**FALSTAFF BREWING CORPORATION**
et al., Defendants.

John C. **CALHOUN**, Plaintiff,

v.

**FALSTAFF BREWING CORPORATION**
et al., Defendants.

Nos. 75–701C(2), 76–24C(2).

United States District Court,
E. D. Missouri, E. D.

Dec. 10, 1979.

---

Harry B. Wilson, Carroll J. Donohue, St. Louis, Mo., for plaintiffs.

Frederick M. Switzer, St. Louis, Mo., Theodore F. Schwartz, Clayton, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

These cases are now before the Court on plaintiffs' motion for sanctions pursuant to Rule 37(b), Federal Rules of Civil Procedure. This motion is brought due to defendant Falstaff Brewing Corporation's ("Falstaff") refusal to properly and timely respond to interrogatories. Plaintiffs brought this suit alleging various violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 to 1144, along with several common law counts.

Falstaff responded with numerous affirmative defenses and counterclaims, some of which raised serious allegations of misconduct on the part of plaintiffs. Among these allegations are charges that plaintiffs breached their fiduciary duty as directors of Falstaff and that they participated in the making of payments illegal under the Federal Alcohol Administration Act, 27 U.S.C. § 205(b)(3) and (4).

Plaintiffs have been trying unsuccessfully to obtain information relevant to these affirmative defenses and counterclaims from Falstaff for a long time. For the most part, these efforts have been blocked by obfuscation, obstruction, and dilatory tactics on the part of Falstaff. The instant motion for sanctions arises from defendant's actions with respect to plaintiffs' interrogatories.

After finding other avenues of discovery unfruitful, plaintiffs propounded interrogatories to Falstaff on February 7, 1978. The interrogatories were neither complex nor

excessively burdensome. They were, for the most part, simple "contention" interrogatories, seeking to discover the factual basis for the allegations raised by defendant in its affirmative defenses and counterclaims, as well as the identity of persons with knowledge of those facts and the identity of relevant documents. Defendant's initial response to these interrogatories was apparently little or no action. On March 10, 1978, Falstaff moved this Court for an extension of time in which to respond to the interrogatories. This request was denied.

On that same date, Falstaff moved for a protective order with respect to these interrogatories. This motion was predicated on the astounding argument that the interrogatories were not designed to lead to the discovery of admissible material but rather merely to oppress and burden the defendant. In view of the fact that plaintiffs' interrogatories directly corresponded to the allegations raised in defendant's counterclaim and affirmative defenses, it is this Court's opinion that defendant's claim that the interrogatories sought irrelevant material was merely a dilatory tactic. On March 17, 1978, plaintiffs moved pursuant to Rule 37(a) for an order compelling defendant to answer. On March 27, 1978, defendant's motion for a protective order was denied and plaintiffs' motion to compel an answer was granted. Falstaff was ordered to answer the propounded interrogatories within seven days.

The parties were concerned about matters other than the interrogatories for quite a while after this Order. This was due to plaintiffs' motion to enforce a settlement. Attention was directed to this motion by both the parties and the Court. On April 18, 1978, the settlement was enforced. 448 F.Supp. 813 (E.D.Mo.1978). This decision was appealed by both sides. On February 26, 1979, the Eighth Circuit vacated the settlement and remanded to this Court for further proceedings. 594 F.2d 869.

Shortly after this remand, plaintiffs again requested that Falstaff answer the earlier interrogatories. Over a period of approximately seven months plaintiffs repeatedly requested answers and defendant continually responded that answers would be forthcoming. Finally, on October 11, 1979, defendant filed answers to plaintiffs' interrogatories.

These answers were woefully insufficient. Numerous questions were objected to, even though Falstaff's initial objections had already been overruled by this Court and the time for objecting had long since passed. See Rule 33(a), Federal Rules of Civil Procedure. Other interrogatories were not answered at all, were only partly answered, were evasively answered, or were answered by reference to documents which were either not sufficiently specified or not attached to the answers as the response indicated they would be.

The most damaging to defendant's present position is, however, the fact that the answers given by defendant were prepared more than a year and a half earlier. These answers were prepared by defendant's previous counsel and were notarized April 3, 1978. Admittedly, defendant may be excused for not serving these answers during the approximately eleven months that the "settlement" issue was being litigated. There is absolutely no excuse, however, for defendant's not having served the answers when plaintiffs renewed their request in March of 1979. To delay seven additional months during which time the answers were already prepared and ready for service is clearly inexcusable, especially in light of the obviously incomplete and evasive nature of these answers. Defendant clearly sought to delay and obstruct plaintiffs' legitimate discovery requests, a tactic which can not be tolerated under the voluntary scheme of discovery envisioned by the Federal Rules of Civil Procedure.

Upon receipt of these answers, plaintiffs immediately began efforts to obtain satisfactory answers. These efforts have met with slightly more success. On November 1, 1979, defendant sent plaintiffs a draft of supplemental answers to these interrogatories. These supplemental answers were filed with the Court on November 13, 1979.

These answers were also incomplete and evasive. Reference is made to documents from which the requested information can be obtained, but these documents are not specified sufficiently so as to enable plaintiffs to find the answers without extensive efforts on their part. Cf. Rule 33(c), Federal Rules of Civil Procedure. Some questions are answered that supplemental answers would be forthcoming, but to date no such further information has been supplied. Others are answered that Falstaff is in the process of obtaining the requested information from its insurance companies, though it is obvious that Falstaff has had more than enough time to do so if even a minimal effort was made. Finally, some questions continue to be totally unanswered. These supplemental answers were also considered insufficient by plaintiffs, and on November 23, 1979 the instant motion for sanctions was filed.

■ It is apparent to this Court that defendant has engaged in a continuous pattern of delay and obstruction. It is also apparent that this delay has been caused as much by defendant itself as by its counsel. Falstaff has changed counsel numerous times, each change further delaying the orderly disposition of this lawsuit. Though this Court normally does not question a litigant's desire to change counsel, when it is done as repeatedly as has defendant in this case, this Court must strongly presume that it is done more as a dilatory tactic than in a legitimate desire to engage substitute counsel.

Defendant initially argues that this Court is without authority to impose sanctions in the present situation. According to defendant, once the supplemental answers were filed plaintiffs' only recourse if unsatisfied was to file a motion to compel more complete answers. Absent the noncompliance with a 37(a) order mandating more complete answers, defendant argues, sanctions are inappropriate.

■ This Court does not believe that it is impotent to deal with defendant's bad faith and willful refusal to timely comply to reasonable discovery requests. Defendant was ordered to answer the interrogatories in question in March of 1978, over a year and a half ago. This Order obviously carried with it the implicit condition to answer fully and completely. Rule 33(a), Federal Rules of Civil Procedure. Defendant has failed to do so.[1] This Court must therefore conclude that it has ample authority to impose sanctions in the present case. *Philadelphia Housing Auth. v. American Radiator & S. San. Corp.*, 50 F.R.D. 13 (E.D.Pa. 1970); *Seanor v. Bair Transport Company of Delaware, Inc.*, 54 F.R.D. 35 (E.D.Pa. 1971); Cf. *Southard v. Pennsylvania Railroad Company*, 24 F.R.D. 456 (E.D.Pa.1959).

Falstaff also asserts that the information plaintiffs seek is available through other discovery means. Plaintiffs attempted to utilize these alternative avenues and found them to lead nowhere. Plaintiffs now desire to proceed through the use of interrogatories. Plaintiffs have the right to choose this procedure, and that decision must be respected by defendant.

■ This Court is reluctant to impose the drastic sanctions of default or dismissal in all but the most egregious cases. A litigant's day in court should not be readily denied. *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989 (8th Cir. 1975). This case, however, calls for such sanctions. Defendant has engaged in a continuing pattern of delay and obstruction. Defendant's conduct is one of the most egregious examples of such tactics I've witnessed since on the bench.

Such conduct cannot be tolerated. The court stated this principle in *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir. 1977), as follows:

1. Cf. Rule 37(a)(3), Federal Rules of Civil Procedure: "*Evasive or Incomplete Answer.* For purposes of this subdivision an answer or incomplete answer is to be treated as a failure to answer." Though this subsection does not technically apply to subdivision (b) of Rule 37, it has been held that a similar rule is applicable with respect to a motion for sanctions. *Alliance to End Repression v. Rochford*, 75 F.R.D. 438 (N.D.Ill.1976).

**420**

The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for "[d]elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice." (Citation omitted)

Defendant's able and experienced counsel was obviously aware of the possibility of sanctions. Previous motions for such sanctions have been made to this Court, and defendant has been warned of such sanctions by this Court and others.[2]

This case is presently set for trial in less than two weeks. At this time, plaintiffs are still uninformed as to the basis of defendant's allegations. Defendant's dilatory tactics have severely prejudiced plaintiffs in their efforts at trial preparation, and are inexcusable in the view of this Court.

Therefore, plaintiffs' motion for sanctions will be granted. *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Defendant Falstaff's affirmative defenses and counterclaims will be stricken and plaintiffs will be awarded a reasonable attorney's fee for their efforts in this litigation to obtain answers to their interrogatories. The parties should agree upon a reasonable figure among themselves; if no such agreement is reached, evidence on the issue may be presented at trial.

---

**2.** Companion cases now pending before other courts have experienced similar discovery difficulties.