**In re Frank M. DAULERIO and Mary L. Daulerio, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Frank N. DAULERIO and Mary L. Daulerio, Defendants.**

**Bankruptcy No. 78–1752K.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 6, 1981.

John A. Wetzel, Philadelphia, Pa., for debtors.

Peter F. Vaira, U. S. Atty., Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the motion of the United States for dismissal of the debtors' objections to its proofs of claim, or, in the alternative, for summary judgment on its claims for 1966, 1967, 1968, and 1969 federal income taxes. The debtors have moved for dismissal of the United States' motion. For the reasons outlined below, we will deny the United States' motion for dismissal and issue an order to compel discovery.[1]

The government's motion for dismissal is based upon Rule 37(d) of the Federal Rules of Civil Procedure,[2] which permits a court to impose sanctions upon a party which fails to answer interrogatories. The sufficiency of the service of the interrogatories is not at issue, and in fact, the debtors filed answers to the government's extensive questions on November 26, 1980. (Legal Document Nos. 51, 52]. The government's position is that the answers are so vague and evasive as to constitute a willful, bad faith failure to comply with discovery requests.[3]

Accordingly, the precise issue is whether the debtors' answers were so seriously deficient as to justify the drastic remedy of dismissal. We conclude that they were not.

It is uncontested that the government's interrogatories consisted of eighty-five (85) detailed questions about various aspects of the Daulerios' business activities during the 1960's. These interrogatories were submitted to both debtors, and responses were eventually given. Frank N. Daulerio asserted that he lacked sufficient knowledge to answer most of the questions, and Mary Daulerio answered that she had no knowledge pertaining to any of the questions.[4]

The debtors argue that the facts the government seeks could only be drawn from records which have been lost or destroyed,

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. Rule 737 of the Rules of Bankruptcy Procedure makes Rule 37 of the Federal Rules of Civil Procedure applicable to adversary actions in bankruptcy. Rule 37(d) provides, in pertinent part, that:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written

> response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subsection (b)(2) of the rule.

3. The government relies upon *Fox v. Studebaker-Worthington*, 516 F.2d 989 (8th Cir. 1975) and *Alliance to End Repression v. Rochford*, 75 F.R.D. 438 (N.D.Ill.1976) for this proposition, but we find, as noted below, that the debtors' answers are not so unresponsive or outlandish as to constitute no answer at all.

4. Debtors' answers to United States' Interrogatories. [Legal Document Nos. 51 and 52].

whereas the government asserts that the Internal Revenue Service has compiled "17 accordion files" of data on the Daulerios.[5] The government argues that these files were available to the debtors, and that all the interrogatories could have been answered from the materials contained therein (it remains unclear why the government seeks answers it claims it already possesses). The government then draws our attention to cases which purport to hold that the recipient of interrogatories cannot claim insufficient knowledge to answer unless he has examined all materials in his possession, or in his counsel's possession, or accessible to either of them.[6] Returning to the 17 accordion files, the government concludes that the debtors' failure to examine them justifies dismissal under Rule 37(d).

We agree that the debtors' answers are vague, and we find that the debtors or their counsel could have examined the government's files. However, we will not accept the government's invitation to presume that those files contained the answers; indeed, it is conceivable that the files would be of no use in refreshing the debtors' recollections. Moreover, the answers already provided, though vague, do not appear unreasonably or deliberately so. The events at issue occurred as many as fifteen (15) years ago, and the debtors' assertion that relevant records have been lost or destroyed is not as incredible or suspect as the government contends.

While it is our intention to preserve this action from dismissal, we are cognizant of the need for the debtors to exhaust every reasonable method which might enable them to provide more illuminating answers to the interrogatories. Accordingly, we will treat the government's motion for dismissal as a Rule 37(a) motion to compel discovery, and we will grant the motion in that form.

The government's alternative request is for summary judgment as to its claim for income taxes for the years 1966 through 1969. The government argues that the debtors' failure to respond to the interrogatories should be treated as an admission of their accuracy. In view of our decision to compel the debtors to re-formulate their answers, we need not address this issue.

---

5. United States' Motion, at 4; Affidavit of Anthony Anastasia, case manager of Internal Revenue Service, Wilmington, Delaware, at 1.

6. *See, Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D.Okl.1977); *N. L. R. B. v. Rockwell Standard Corporation Transmission and Axle Division*, 410 F.2d 953 (6th Cir. 1969); *Olmert v. Nelson*, 60 F.R.D. 369 (D.D.C. 1973).