In re the Marriage of Catherine Ann RAPP, Respondent,

v.

Richard J. RAPP, Appellant.

No. 42795.

Missouri Court of Appeals, Eastern District, Division Three.

May 26, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied Sept. 8, 1981.

Chester A. Love, Daniel P. Card, II, Clayton, for appellant.

Maureen Swihart, Clayton, Samuel T. Vandover, St. Louis, for respondent.

CRIST, Presiding Judge.

This action involves an attempted settlement on the record of a motion to modify a dissolution decree. We reverse and remand with directions.

The marriage of the parties was dissolved on April 4, 1978. On August 4, 1978, respondent (hereinafter "mother") filed a motion to modify the dissolution decree. On July 2, 1979, a hearing began on the motion as amended. At the beginning of the proceeding, on July 3, 1979, the parties dictated a settlement into the record as follows:

The joint petitioner, Richard Rapp shall pay to the joint petitioner, Catherine Rapp, the sum of six hundred dollars per month as and for child support. That Richard Rapp shall provide medical and health insurance for the children of the parties of a kind similar in nature to that that is presently provided by his employer.

The child support shall be payable to the Circuit Clerk's office and shall be on the first day of each month.

Richard Rapp further agrees to provide one hundred thousand dollars in term life insurance with the children of Richard and Catherine Rapp beneficiaries of said life insurance.

Richard Rapp further agrees to set up a trust fund for the benefit of each child in the amount of five thousand dollars per child, said sum of money shall be deposited in said trust within thirty days after Richard Rapp's portion of the corpus of the trust indenture in which Ruth and Fred Rapp are the grantors and Richard Rapp is the beneficiary.

The proceeds of the moneys realized from the sale of the residence on Indian Tree at present on deposit at Colonial Bank in the names of Richard Rapp, Catherine Ann Rapp, Paul Brown and Maureen Swihart, shall be divided as follows: Petitioner Catherine Ann Rapp shall receive two-thirds of the total amount of said moneys on deposit after deducting therefrom the sum of ten thousand dollars.

The court costs are to be assessed against the joint petitioner Richard Rapp. All marital property that has not heretofore been disposed of is disposed of by this stipulation.

MR. BROWN: I would like to further add that all marital property, both real and personal, including Westchester Tennis, Incorporated, or Westchester Partnership, or any other real estate, is disposed of. And further, that the trustee of the five thousand dollar trust which is to be set up, upon vesting of the Rapp trust in Richard Rapp, shall be Fred Rapp and someone agreed upon by Maureen Swihart and Paul Brown.

THE COURT: Let the record show that as a further consideration, the petitioner gives up any and all other rights of whatsoever nature or claims or potential claims in equity to attack the decree by a separate suit in equity.

At that time, the court also indicated it had reviewed with the lawyers the hours and times of visitation for child custody which were agreeable to the court. The court passed the cause for settlement in order that the attorneys could prepare and file a settlement in final language. Mother's attorney prepared a proposed final settlement agreement. Appellant (hereinafter "father") refused to sign it or prepare a proposed final settlement agreement of his own. Mother's proposed final settlement agreement differed in many respects from the settlement dictated into the record. The dilemma facing the trial court was that father not only refused to abide by the proposed formal settlement agreement, but the settlement dictated into the record as well. Mother took the position that the differences in the proposed formal settlement agreement were insubstantial, merely reflecting the intended settlement. The trial court accepted mother's theory and incorporated the proposed formal settlement agreement offered by mother as part of its judgment rendered on February 8, 1980.

The trial court's judgment, based on mother's proposed formal settlement agreement, deviated from the settlement agreement in that it stated as follows:

(medical and health care provision)

If Richard Rapp should change employment, or if the current plan should for any reason be discontinued or cancelled,

he agrees to obtain and pay for a health care plan *of equal or better quality* to that presently maintained. Said Richard Rapp further agrees to furnish satisfactory evidence to Catherine Ann Rapp of said health insurance policy or plan and shall pay when due all dues, premiums and assessments. (Emphasis supplied.)

(life insurance provision)

Richard Rapp, shall keep in full force and effect insurance covering his life in a principal amount of not less than One Hundred Thousand Dollars ($100,000.00) for the children's benefit. He agrees to designate the children as irrevocable beneficiaries of said insurance. He shall at all times keep the insurance in full force and effect and exhibit to wife, on her request, satisfactory evidence of compliance and shall pay all dues, premiums and assessments as due, *and shall not in any way or for any purpose borrow against or pledge and encumber the insurance without Catherine Ann Rapp's written consent.* (Emphasis added.)

(trust provision)

In the event any distribution of corpus made to Richard Rapp is not sufficient to establish the children's trust in the amount of Five Thousand Dollars ($5,000.00) per child, that distribution of corpus and each succeeding distribution of corpus shall nevertheless be used within thirty (30) days of receipt by Richard Rapp to set up and/or increase the children's trust until Richard Rapp has contributed a total of Five Thousand Dollars ($5,000.00) for the benefit of each child to the children's trust from the distributions of corpus received by Richard Rapp from the trust established by the trust indenture dated July 1, 1966.

Said children's trust shall be irrevocable and *shall be for the education of the beneficiaries.* (Emphasis supplied.)

■ The parties to a dispute have the absolute right to waive their day in court by equitably settling their differences. Freedom of contract and peaceful settlement of controversies are to be encouraged, *DeWitt v. Lutes,* 581 S.W.2d 941, 945 (Mo. App.1979). The evidence herein establishes that a settlement agreement was reached between the parties and it was to be reduced to writing but was not contingent upon such writing. See, *Dependahl v. Falstaff Brewing Corp.,* 448 F.Supp. 813, vacated and remanded 594 F.2d 869 (9 Cir. 1978).

■ The oral stipulation for compromise and settlement made in open court in the presence of mother and father and preserved in the record of the trial court was as binding as a written agreement. *Croker v. Consolidated Service Car Co. Inc.,* 365 S.W.2d 524, 530 (Mo.1963); *Fair Mercantile Co. v. Union-May-Stern Co.,* 221 S.W.2d 751, 754 (Mo.1949); *Landau v. St. Louis Public Service Co.,* 267 S.W.2d 364, Mo.App., modified, 364 Mo. 1134, 273 S.W.2d 255 (1954). The judgment rendered by the trial court was a modified version of the record settlement and did not reflect the binding settlement agreement reached by the parties. The settlement agreement which was dictated into the record was a binding contract and should have been made part of the trial court's order.

■ The trial court also made substantial changes in the custody provisions of the original decree. In construing the effect of a valid settlement agreement, the court's primary goal is to effect the intention of the parties. The agreement, herein, was conclusive only as to those matters which the parties intended to include within its terms. *Freshour v. Schuerenberg,* 495 S.W.2d 116, 119–120 (Mo.App.1973). Although the record indicates that there was an understanding between the court and the attorneys as to these changes, no record of settlement was made with respect to these changes and father denies having agreed to them. The record before us contains insufficient evidence of either a settlement agreement or a sufficient change in circumstances to warrant modification of the custody provisions of the original decree.

On March 18, 1980, the court amended its February 8, 1980 order changing the life insurance policy requirement from $100,000.00 to $75,000.00 and naming Mercantile Trust Company as trustee for the children's trust. These amendments are dependent upon the court's February 8, 1980 order. There is insufficient evidence to support the conclusion that the parties agreed to these modifications of the settlement agreement dictated into the record. We have reviewed father's other contentions and find no merit in them.

The February 8, 1980 order of the trial court, and the March 18, 1980 amendment thereto, are hereby reversed. The trial court is directed to enter an order reflecting the binding settlement agreement reached by the parties and read into the record on July 3, 1979. Father and mother shall have the right to file a motion for new trial from the order entered consistent with this opinion. The trial court is ordered to allow further proceedings on the issue of custody.

Judgment reversed with directions.

REINHARD and SNYDER, JJ., concur.