**John Keith BLAND, Petitioner-Appellant,**

v.

**Brenda Louise BLAND, Respondent-Respondent.**

**No. 45500.**

Missouri Court of Appeals, Eastern District, Division Two.

March 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Ronald F. Borgmann, St. Louis, for petitioner-appellant.

Robert Susman, St. Louis, for respondent-respondent.

GAERTNER, Judge.

Husband appeals from the trial court's division of property in a dissolution action. His assignment of error can be synopsized into three categories:

1. Abuse of discretion in considering as relevant to the disposition of property a) husband's withdrawal and secretion of funds from joint savings accounts, and b) his apparent misrepresentation to the court concerning the filing of answers to interrogatories;

2. Failure to consider all statutory factors relevant to division of property; and

3. Ordering a division of household furnishings based solely upon an oral stipulation at trial.

The parties were married in December of 1968 and ceased cohabiting in May, 1981. During the marriage both were employed, earning roughly equivalent salaries from which they contributed equally to household expenses. The couple had no children. The trial court divided the marital property as follows:

| Awarded to Husband | Equity |
| --- | --- |
| 1979 automobile | $ 3,000.00 |
| silver certificates | 4,860.44 |
| treasury bonds | 1,600.00 |
| insurance policy | 1,300.00 |
| | $10,760.44 |

| Awarded to Wife | Equity |
| --- | --- |
| family home | $18,036.53 |
| 1973 automobile | 1,000.00 |
| First National Bank C.D. | 3,373.00 |
| insurance policy | 805.00 |
| | $23,214.53 |

There was undisputed evidence that following the separation of the parties, the husband withdrew from joint savings accounts sums found by the court to approximate $10,800. He contended at trial that this money was used to pay marital expenses. The trial court rejected this con-

1. The Legal File reflects husband's answers to the interrogatories stamped by the Circuit

tention, finding "no justification for petitioner expending, secreting or transferring to his own name" the sums involved. The trial court also noted that "although respresenting (sic) to the court on January 7, 1982 that answers to interrogatories propounded to petitioner had been filed, as of 1/14/82 said answers were still not received."[1] The court stated its unequal division of property was a consequence of these two factors.

Our standard of review is established by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, the trial court's determination of no justification for husband's withdrawal of the $10,800 must be upheld unless there is no substantial evidence to support it or unless it is against the weight of the evidence. The withdrawal and the joint ownership of the funds was not disputed. The trial court was at liberty to believe or disbelieve the husband's explanation that he used the funds to pay marital expenses. *In Re Marriage of Jackson*, 592 S.W.2d 875, 877 (Mo.App.1980). In light of the vague and indefinite testimony of the husband in this regard, unsupported by any form of receipts or recorded account, we cannot say the rejection by the trial court of this explanation was unjustified.

Having found the withdrawal of the funds to be unjustified, it was appropriate for the court to effect reimbursement thereof. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981). This was accomplished by awarding the wife property valued at approximately $12,000 more than that awarded to the husband who had appropriated $10,800 to himself. In dividing marital property, the court is not confined to "rigid methods or mechanics" nor to absolute equality. *Calia v. Calia*, 624 S.W.2d at 872; *Hilger v. Hilger*, 570 S.W.2d 736, 740 (Mo. App.1978).

Viewed in this light, even if it be considered improper for the court to consider the late filing of interrogatory answers as a factor in dividing marital proper-

Clerk as filed on 1–15–82, eight days after the trial.

ty, the husband has not been harmed thereby and he can demonstrate no prejudice which would warrant reversal of the trial court's determination. *Miller v. Miller,* 635 S.W.2d 350, 352 (Mo.App.1982).

■ Husband further contends the trial court erred in failing to consider in its division of marital property that marital funds were used for maintenance and upkeep of the separate property of the wife. The court found that real estate in East St. Louis, Illinois was not marital property, but was a gift to the wife from her mother. As such, that property was not subject to judicial disposition. Section 452.330.2(1), RSMo 1978. The husband did not dispute this fact. There was evidence that the cost of maintaining the property was offset by rental income and the trial court so found. This express finding belies the husband's contention that this factor was not considered by the court. The point has no merit.

■ The two remaining assignments of error require remand to the Circuit Court. The wife admitted the accumulation of $4,000 after separation of the parties which she held in savings accounts. This money is not mentioned by the trial court in its decree. It constituted property acquired "subsequent to the marriage and prior to a decree of legal separation" and is therefore presumed to be marital property. Section 452.330.3, RSMo 1978. There being no evidence tending to overcome this presumption, the $4,000 fund should have been considered by the court in its division of marital property.

■ During the trial the parties orally stipulated that they had agreed "as to how they are going to dispose of household furnishings between them." Nothing further was brought before the court regarding these items, no itemization or evaluation thereof, nor the proposed division thereof. Although the decree takes note of this stipulation, nothing concerning household furnishings is included in the decree. The husband filed a motion to vacate the judgment asserting, among other matters, the failure of the court to divide the household furnishings. The trial court overruled this motion.

*Turpin v. Turpin,* 570 S.W.2d 831, 835 (Mo.App.1978), presented comparable facts. There it was held that an oral recitation in open court of a purported agreement regarding the division of property was inadequate because the court did not have before it all the factors necessary to the statutorily required determination of conscionability.

"Further, both the oral recitation of the purported agreement and the decree appealed from completely lack the specificity necessary to eliminate 'rancorous aftermath' or to 'effectively minimize the necessity for recourse to further litigation' or to 'completely sever all relations between the parties'. . . .

The necessity and practicability of such requirement that the agreement be reduced to writing is pointed up by the fact that six days after the approval of the agreement the husband repudiated it *in toto.*"

*Turpin v. Turpin,* 570 S.W.2d at 835.

The wife cites later cases in which the courts have distinguished *Turpin* and overlooked the requirement that the agreement be in writing pursuant to § 452.325.1, RSMo 1978. But these cases are inapposite here. In *Markwardt v. Markwardt,* 617 S.W.2d 461 (Mo.App.1981), the court held that the reading of "detailed terms of the lengthy oral settlement agreement" into the record in open court on the third day of trial was a solemn agreement as binding upon the parties as a written contract, and was supportive of the trial court's finding that "the agreement was specific, fair, reasonable and conscionable." Here the court was supplied with no details of the agreement and made no finding of reasonableness, fairness, or conscionability. In *Rapp v. Rapp,* 619 S.W.2d 788 (Mo.App.1981), the court held that the details of an agreement read into the record in open court in the presence of the parties constituted a binding settlement agreement and held the trial court erred in modifying the details of this agreement in the absence of any evidence

to support a departure.[2] In *Satterfield v. Satterfield,* 635 S.W.2d 80 (Mo.App.1982), the trial court accepted a stipulation of the parties regarding the disposition of all the property except a residence. The fact that neither party complained of this on appeal perhaps explains the silence of the opinion regarding whether the agreement was written or oral.

Here, the trial court was supplied with no details regarding the agreement, and the details thereof were not set forth in the decree. The decree fails to include any finding regarding the conscionability of the agreement. Thus, the decree fails to comply with the requirements of § 452.325, RSMo 1978.

With the same reluctance expressed in *Turpin,* 570 S.W.2d at 835, we are constrained to remand this case to the Circuit Court for a determination of the proper division of the wife's $4,000 savings accounts and the household furnishings. In all other respects, the judgment is affirmed.

Affirmed in part, reversed in part and remanded.

SNYDER, P.J., and DOWD, J., concur.

---

**2.** *Markwardt v. Markwardt,* 617 S.W.2d 461 (Mo.App.1981) and *Rapp v. Rapp,* 619 S.W.2d 788 (Mo.App.1981), are inapposite here because the trial court had *no* details of the agreement to dispose of household furnishings. We do not reach the issue whether a detailed settlement agreement complies with § 452.325.1, RSMo 1978, by being read into the record.

However, we do note that this court in *Markwardt* and *Rapp* has held that such a reading of a specific settlement agreement into the trial record does satisfy the terms of the statute. This construction of § 452.325.1 appears in conflict with the Western District in its recent decisions of *Potter v. Potter,* 621 S.W.2d 123, 125 (Mo.App.1981 and *Wilhoit v. Wilhoit,* 599 S.W.2d 74, 77 (Mo.App.1980). *Potter* and *Wilhoit* hold that the statute requires, at a minimum, that any settlement agreement must be reduced to writing before the trial court has the authority to consider it.