Honorable Ronald V. **DELLUMS** et al. [**Frederic J. Dieterle, Michael E. Roche, Bruce Aldrich, Appellees**],

v.

**James M. POWELL, Chief, United States Capitol Police, Appellant,**

**Jerry V. Wilson, Chief, Metropolitan Police Department, et al.**

Honorable Ronald V. **DELLUMS** et al.

v.

**James M. POWELL, Chief, United States Capitol Police, et al.**

**Appeal of Jerry V. WILSON, Chief, Metropolitan Police Department, and District of Columbia.**

**Nos. 76–1418, 76–1419.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 14, 1977.

Decided Aug. 4, 1977.

Dennis G. Linder, Atty., Dept. of Justice, Washington, D.C., with whom Rex E. Lee, Asst. Atty. Gen., and Robert E. Kopp and David J. Anderson, Attys., Dept. of Justice, Washington, D.C., were on the brief, for appellant in No. 76–1418.

John R. Risher, Jr., Corp. Counsel for the District of Columbia, Washington, D.C., Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton and David P. Sutton, Asst. Corp. Counsel, Washington, D.C., for appellants in No. 76–1419.

Warren K. Kaplan, Washington, D.C., with whom Lawrence H. Mirel, Ralph J. Temple, Mary A. McReynolds, and Kenneth V. Handal, Washington, D.C., were on the brief, for appellees Dellums et al.

Edward G. Modell, Washington, D.C., entered an appearance for appellees Frederic J. Dieterle, Michael J. Roche, and Bruce Aldrich.

Before WRIGHT, TAMM and LEVENTHAL, Circuit Judges.

Opinion for the court filed by J. SKELLY WRIGHT, Circuit Judge.

Dissenting statement filed by TAMM, Circuit Judge.

J. SKELLY WRIGHT, Circuit Judge:

This is a companion case to *Dellums v. Powell,* 184 U.S.App.D.C. ——, 566 F.2d 167, D.C. Cir. No. 75–1974 (August 4, 1977) (*Dellums I*). The sole issue on this appeal is whether the trial judge, after entering judgment in favor of the plaintiff class, properly vacated an order entered before trial which dismissed three named plaintiffs from the action for failure to comply with discovery requests. The effect of this post-judgment order is to allow these plaintiffs to participate in the judgment rendered in favor of the class.

The facts, briefly, are these.[1] In August 1974, nearly three years after this action was filed, plaintiffs' counsel wrote a letter to each named plaintiff advising them that trial was scheduled for December 1974 and inquiring into each named party's availability as a witness. Because defendants had taken no discovery up to that time, this was apparently the first occasion since the filing of the class suit on which class counsel sought to contact his clients. In September 1974 the federal defendants moved for the first time to take discovery and submitted interrogatories. By that time counsel's letters to plaintiffs Frederic J. Dieterle and Michael E. Roche had been returned to counsel marked "Moved—Left No Address" and "Moved—Not Forwardable." Counsel made further attempts to locate plaintiffs Dieterle and Roche, but to no avail.[2] Consequently, these plaintiffs never received copies of the federal defendants' interrogatories and of course never answered them.

A copy of defendants' interrogatories did reach plaintiff Bruce Aldrich, however. By return mail Aldrich advised plaintiffs' counsel that his recollections of the events of May 5 were vague, but that he could appear for trial. No mention was made of the interrogatories. Plaintiffs' counsel sent two further letters to Aldrich urging him to complete the interrogatories. No response was forthcoming.

On December 2, 1974, two days before trial was to begin, the federal defendants moved pursuant to Rule 37(d) of the Federal Rules of Civil Procedure[3] to have plain-

---

1. A full description of the facts is found in the companion case, *Dellums v. Powell,* 184 U.S. App.D.C. ——, at ————, 566 F.2d 167, at 173–175 (No. 75–1974, decided August 4, 1977).

2. Apparently plaintiff Roche was located through inquiries to the alumni records office of his university. For reasons that remain clouded the letter locating Roche did not come to the attention of plaintiffs' counsel until after trial, although it was received in counsel's office prior to trial.

3. Rule 37(d), Fed.R.Civ.P., provides in relevant part:

If a party * * * fails * * * (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. * * *

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c). Rule 37(b)(2) provides in relevant part:

tiffs Dieterle, Roche, and Aldrich dismissed from the suit. After a brief oral argument, the trial judge ruled from the bench that all three plaintiffs should be dismissed both as named plaintiffs and as class members. Plaintiffs' counsel acquiesced in this ruling and submitted an order memorializing it, which was approved by the court on December 3, 1974.

Eight months after entry of judgment in the class suit, plaintiffs Dieterle, Roche, and Aldrich moved the District Court pursuant to Rule 60(b) to reconsider its earlier ruling. Thereafter the trial judge reversed his previous ruling and, without stating reasons, entered an order effectuating this decision on March 4, 1976. In that order the court for the first time entered a certificate under Rule 54(b) of the Federal Rules, allowing an immediate appeal from a portion of this multi-party, multi-claim litigation.[4]

We begin by disposing of a procedural point. The trial court's post-judgment order vacating its earlier order of dismissal was not entered until the appeals in the companion cases were already docketed in this court. Appellants argue that the trial court was therefore without jurisdiction to modify its earlier order. We disagree.

This action is governed by Rule 54(b) of the Federal Rules which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added.) The claims against defendant John N. Mitchell[5] are outstanding in the District Court even as this opinion issues.[6] For this reason, and because the order dismissing Dieterle, Roche, and Aldrich from this action did not contain the express determination and direction required by Rule 54(b), Rule 54 by its terms allowed the trial court to modify its earlier order. Of course Rule 60(b), pursuant to which plaintiffs made their motion for reconsideration, would not provide a basis for a motion seeking modification of the December 1974 order because Rule 60(b) applies only to modifications of final judgments. Nonetheless, no express rule provision is needed to justify a motion for reconsideration and consequently the citation in plaintiffs' motion to Rule 60(b) is harmless error. Further, as we read the class judgment in this action no modification thereof

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

4. A Rule 54(b) certificate was entered as part of the class action judgment on March 3, 1975. *See* Judgment ¶ 4, JA 132.

5. *See Dellums v. Powell, supra* note 1, 184 U.S.App.D.C. at ——, 566 F.2d at 173 n.1.

6. Claims against defendant Mitchell were severed for purposes of trial. No one has argued that the severance order made the class judgment an order "adjudicating all the claims and rights of all the parties," and inclusion of a Rule 54(b) certificate in the class judgment, *see* note 4 *supra*, would belie any such argument.

is required to effectuate the trial judge's post-judgment order of reinstatement.[7] Accordingly, no remand was needed to correct the judgment.

On the merits, the question before us is not whether the trial judge could properly have dismissed Dieterle, Roche, and Aldrich pursuant to Rule 37, but whether he could refuse to dismiss these plaintiffs even though they failed to answer interrogatories. So posed, the issue appears to be one of first impression, at least in this circuit.

Before considering what should have been done with respect to these three plaintiffs, it is necessary to consider the proper role of an appellate court. Rule 37(d) by its terms commits the question whether sanctions should be imposed to the trial judge's discretion: "the court * * * may make such orders * * * as are just."[8] For this reason the issue is not what this court would do in the first instance, but only whether the trial judge abused his discretion.[9]

Prior to 1970 the language of Rule 37 was ambiguous on whether failure to comply with discovery had to be "willful" before sanctions were allowed. In 1970, however, Rule 37 was amended to conform it to the Supreme Court's decision in *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), which the draftsmen of the rule amendments interpreted to indicate "that willfulness was relevant only to the selection of sanctions, if any, to be imposed."[10] Subsequent interpretation of Rule 37 indicates that some element of willfulness or conscious disregard is still required to justify a sanction of dismissal,[11] although the clear import of *Societe Internationale* is that mere failure to respond to discovery is sufficient to justify less severe sanctions. For example, however innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure. Thus Rule 37(b)(2)(C) recognizes that parties failing to comply with discovery requests may be estopped from "support[ing] or oppos[ing] designated claims or defenses."

■ Recently the Supreme Court, in reaffirming its *Societe Internationale* holding in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), added a further consideration. Although mindful that a dilatory party might generally mend its ways even if a dismissal order was reversed on appeal, the Court warned that leniency on this account was not necessarily justified because such leniency would cause "other parties to other lawsuits [to] feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other District Courts." *Id.* at 643, 96 S.Ct. at 2781. This admonition has special significance in the case of interrogatories which are supposed to be severed and answered without the need for judicial prompting. Indeed, Rule 37(d) plainly requires a party receiving interrogatories to make one of two responses: an answer or a motion for a protective order.[12] If parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to

---

7. The class action judgment is inconsistent with the trial court's December 3, 1974 order dismissing Dieterle, Roche, and Aldrich in that it does not indicate that these plaintiffs were excluded from the class of all those arrested on May 5, 1971. Because we reverse the trial court's post-judgment order, the judgment must be amended to bring it into accord with the orders in this action.

8. Rule 37(d), Fed.R.Civ.P., *supra* note 3 (emphasis added).

9. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct.

2778, 49 L.Ed.2d 747 (1976), and cases cited therein.

10. Advisory Committee Note, *printed in* 4A J. Moore, Federal Practice ¶ 37.01[8], at 37–23 (2d ed. 1975).

11. *See, e. g., Flaks v. Koegel*, 504 F.2d 702, 708–709 (2d Cir. 1974); 4A J. Moore, *supra* note 10, ¶ 37.03[2.–5], at 37–70.

12. *See* Rule 37(d), Fed.R.Civ.P., *supra* note 3; 4A J. Moore, *supra* note 10, ¶ 37.05.

embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules.[13]

In addition to these general considerations, it is necessary to account for the special structure of discovery in class suits. Recognizing that discovery addressed to absentee class members can be "a tactic to take undue advantage of the class members or * * * a strategem to reduce the number of claimants"[14] and further that Rule 23 of the Federal Rules contemplates that absentee parties shall remain the passive beneficiaries of class suits,[15] courts have found it necessary to restrict availability of discovery against absentees to those instances in which a need can be shown.[16] This restriction creates a concomitant obligation on the part of representative plaintiffs to cooperate fully with discovery.[17] Failure of a representative plaintiff to respond to discovery or to keep class counsel informed of his whereabouts is a serious matter which ought to be discouraged by appropriate sanctions.

■ Applying these considerations to the case at hand, we hold that it was an abuse of discretion to reinstate plaintiff Aldrich. There can be no question that Aldrich understood that he was obliged to file answers to defendants' interrogatories and that failure to do so would be grounds for dismissal as a named plaintiff. The record does not disclose any circumstances that would mitigate Aldrich's utter failure to discharge his obligations under Rules 23 and 37. There-fore, if for no other reason than the prophylactic considerations identified in *National Hockey League*, Aldrich's claims should have been dismissed.

■ The situation with respect to Dieterle and Roche is substantially different, however. Although it would have been better practice for these plaintiffs to have informed their counsel of changes of address, they did at least leave a trail of forwarding addresses at the Post Office. Moreover, had defendants not waited until the last minutes before trial to serve interrogatories, Dieterle and Roche might well have been located. Indeed, the facts of this case are very similar to those discussed in *Anderson v. Nosser*, 438 F.2d 183, 204–205 (5th Cir. 1971), *modified in part on grounds not relevant here*, 456 F.2d 835 (5th Cir. 1972) (*en banc*), *cert. denied*, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1973), in which the Fifth Circuit held that a dismissal of the claims of parties failing to comply with discovery was an abuse of discretion. In addition, the absence of information from Dieterle and Roche has in no way prejudiced the defendants in the class suit. Their testimony would at best have been cumulative of that of other witnesses on the only issue raised by Chief Powell which actually went to trial: his qualified immunity. *See Dellums I, supra,* 184 U.S.App. D.C. at ——, 566 F.2d at 175. While their testimony might have been relevant in establishing damages to which they were entitled under the Eighth Amendment, we have vacated Eighth Amendment damages

---

13. In a general preamble to the comprehensive 1970 revision of the discovery rules, for example, the Advisory Committee wrote: "Other changes in the mechanics of discovery are designed to encourage extrajudicial discovery with a minimum of court intervention." 4 J. Moore, Federal Practice ¶ 26.00[4] at 26–25 (2d ed. 1976).

14. *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972).

15. *See id.; cf. American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

16. *See Dellums v. Powell, supra* note 1, 184 U.S.App.D.C. ——, 566 F.2d at 187–191, and cases cited therein.

17. Several commentators have suggested that class opponents be required to turn first to named parties and only thereafter to absentees. *See, e. g.*, Note, *Developments in the Law— Class Actions*, 89 Harv.L.Rev. 1318, 1445 (1976); Note, *Requests for Information in Class Actions*, 83 Yale L.J. 602, 613 (1974). This seems correct given the potential abuses of discovery, but such a scheme will not work unless representative plaintiffs are held to a high standard of cooperation.

in the companion case. *See Dellums v. Powell,* 184 U.S.App.D.C. ——, at —— —— , 566 F.2d 216, at 225–228 (1977). Therefore, we cannot say that the trial judge abused his discretion in allowing Dieterle and Roche to participate in the judgment entered below.

*Affirmed in part and reversed in part.*

TAMM, Circuit Judge, dissenting:

Since I feel the judgment below was improper I must dissent. *See Dellums v. Powell,* 184 U.S.App.D.C. ——, 566 F.2d 167 (August 4, 1977) (Tamm, J., dissenting).