Shearn MOODY, Jr., Plaintiff,

v.

A.R. SCHWARTZ, Pete S. Miller and
Harbor Broadcasting Company,
Inc., Defendants.

Civ. A. No. H–81–1327.

United States District Court,
S.D. Texas,
Houston Division.

May 18, 1983.

Monteith & Swan, W. Briscoe Swan, Houston, Tex., for plaintiff.

Porter & Clements, J. Eugene Clements, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Pending before the Court is Defendants' motion for sanctions pursuant to Rule 37(b), Fed.R.Civ.P. Defendants move for sanctions against Plaintiff on the ground that despite repeated effort, including an order from this Court, Plaintiff's answers to interrogatories, filed on the eve of trial, are inadequate, evasive or incomplete and made in bad faith.

On the first day of trial, the Court heard written and verbal oral argument regarding

the imposition of sanctions on Plaintiff for failure to answer interrogatories propounded by Defendants. Specifically, the Court addressed the parties attention to interrogatory number 5, which provides:

Describe in detail all information and documents used or relied on by you [Shearn Moody, Jr.] in making the allegations contained in Paragraph 7 of Plaintiff's First Amended Original Petition.

Paragraph 7 of Plaintiff's First Amended Original Petition provides, in pertinent part:

The Defendants [sic] conduct violates, and this Court has jurisdiction under the Securities Act of 1933, 15 U.S.C.A., Section 77a, et. seq. and the Securities [sic] Act of 1934, 15 U.S.C. Section 78a, et [sic] seq. and the Racketeering Act, 18 U.S. C.A., Section 1961, et. seq. Said Defendants [sic] conduct is further violative of Section 27.01 of the Texas Business and Commerce Code.

Plaintiff's answer to interrogatory number 5 is: 15 U.S.C. § 78j, 15 U.S.C. § 78aa, Rule 10b(5) of the Securities Exchange Commission, 18 U.S.C. § 1964(a, c), 18 U.S.C. § 1961(1)(D), 18 U.S.C. § 1961(5), 18 U.S.C. § 1962.

Plaintiff's incomplete answer to Defendants' interrogatory number 5, filed on the eve of trial glows even dimmer in the illumination of the facts that the basis for Paragraph 7 is not found in Plaintiff's complaint and in the significant chronology, which follows:

1. On August 14, 1981, Defendants filed a motion, *inter alia,* for a more definite statement seeking the Court to order the Plaintiff to plead specifically the conduct which would violate each of the statutes set forth in Paragraph 7 to Plaintiff's complaint.

2. On July 22, 1982, Plaintiff filed a motion to amend complaint which was granted on August 16, 1982.

3. On August 31, 1981, the Court denied the motion of August 14, 1981, concluding that the specificity sought by Defendants could be determined by appropriate discovery.

4. On October 8, 1982, Defendants filed a motion to substitute counsel which was granted on October 15, 1982.

5. On October 21, 1982, Defendants filed interrogatories and requests for production.

6. On December 30, 1982, Defendants filed a motion to compel Plaintiff to respond to interrogatories; the motion was granted and Plaintiff was ordered on January 20, 1983, to respond to Defendants' interrogatories within 12 days of the date of the order.

7. At docket call on April 4, 1983, Plaintiff was ordered from the bench to answer interrogatories by the close of business on April 5, 1983.

8. Plaintiff filed his answers on April 5, 1983, for trial set on April 7, 1983.

The threshold issues before the Court are whether Plaintiff's answer to interrogatory number 5 is evasive or incomplete pursuant to Rule 37(a)(3), Fed.R.Civ.P., and should be treated as a failure to answer, and whether the appropriate response to an evasive or incomplete answer should be a motion pursuant to Rule 37(a), Fed.R.Civ.P., seeking a more complete answer or Rule 37(d), seeking sanctions.

■ Upon a review of the record, Defendants' interrogatories and Plaintiff's answers, especially with regard to interrogatory number 5 which provides the basis for Defendants' preparation for trial, the Court finds that Plaintiff's answer to interrogatory number 5 is significantly incomplete, and therefore, should be treated as a failure to answer under Rule 37(a)(3), Fed.R.Civ.P.

■ Clearly, incomplete answers justify a motion for more complete answers under Rule 37(a), Fed.R.Civ.P., but where, as here, the answer has been obtained after judicial prodding by order prior to and at docket call, it is equally clear that sanctions pursuant to Rule 37(d) are within the discretion of the Court. *Compare Dependahl v. Falstaff Brewing Co.,* 84 F.R.D. 416 (E.D.Mo. 1979) and *Alliance to End Repression v. Rochford,* 75 F.R.D. 438 (N.D.Ill.1976) *with Booker v. Anderson,* 83 F.R.D. 272 (N.D.

Miss.1979). *See generally,* 4A J. Moore, Federal Practice ¶ 37.02[5] at 37–40 (2d ed. 1983).

The Court has several options when considering the exercise of discretion to impose sanctions pursuant to Rule 37(d): under Rule 37(b)(2)(A) by taking as established that there are no facts which support a theory of liability or jurisdiction under the statutes enumerated in Paragraph 7 of Plaintiff's amended petition or under Rule 37(b)(2)(B) by limiting proof of liability on the theories enumerated in Paragraph 7 or under Rule 37(b)(2)(C) by striking Paragraph 7 to Plaintiff's pleadings. In the case before the Court, imposition of any of these sanctions will result in dismissal of the case because of the critical ·nature of interrogatory number 5.

■ When the Court is considering a sanction which will result in dismissal of Plaintiff's case, the Supreme Court has charted the guidelines which the district court must consider when selecting the appropriate sanction. In *Societe' Internationale Pour Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Court construed Rule 37 in light of the due process clause holding that the claim of a party who failed to comply with a discovery order could not be dismissed where the failure was "due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Id.* at 212, 78 S.Ct. at 1096, 2 L.Ed.2d at 1267. In 1970 Rule 37 was amended to conform it to the Supreme Court's decision in *Societe Internationale* which was interpreted by the draftsmen to indicate that willfulness is relevant only to the selections of sanctions, if any, to be imposed. Advisory Committee Note, *reprinted in* 4A J. Moore, Federal Practice ¶ 37.01[8], at 37–25 (2d ed. 1983). Subsequent interpretation of this amendment indicates that some element of willfulness or conscious disregard is still required to justify the sanction of dismissal. *See, e.g., Dorsey v. Academy Moving & Storage, Inc.,* 423 F.2d 858, 860 (5th Cir. 1970); *Flaks v. Koegel,* 504 F.2d 702, 708–09 (2d Cir.1974); *General Dynamics Corpo-*

*ration v. Selb Manufacturing Co.,* 481 F.2d 1204, 1211 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

The Supreme Court reaffirmed its holding in *Societe Internationale* in *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam) and added an additional consideration to the selection of an appropriate sanction: judicial administration. The Court noted that although a dilatory party might mend his ways after the imposition of appropriate sanctions, the Court advised that leniency by a District Court on this account was not necessarily justified because it would cause "other parties to other lawsuits [to] feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts." *Id.* at 643, 96 S.Ct. at 2781, 49 L.Ed.2d at 751.

The Court of Appeals for the District of Columbia Circuit has interpreted the sum of these considerations to require that the district court dismiss the claims of parties which intentionally and inexcusably fail to make discovery. *Dellums v. Powell,* 566 F.2d 231, 235–36 (D.C.Cir.1977). The *Dellums* Court analyzed the considerations adopted in *Societe Internationale* and *National Hockey League* and concluded that the trial judge abused his discretion when he vacated an order dismissing the claims of a dilatory party in answering what the Court considered should have been self-executing interrogatories. The *Dellums* Court reached its conclusions reasoning, *inter alia,* that "if for no other reason than the prophylactic considerations identified in *National Hockey League,*" *id.* at 236, Plaintiff's complaint should be dismissed.

Although one commentator has observed that a strict application of Rule 37 sanctions is inconsistent with the abuse of discretion standard announced in *National Hockey League, supra,* and with the language of Rule 37, *see* Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Har.L.Rev. 1033 (1978), the *Dellums* Court analysis found favorable

*dictum* commentary by the Supreme Court in *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488, 499 (1980).

█ It is clear to the Court that Plaintiff's failure to answer fully and completely interrogatory number 5 substantially prejudiced Defendants' preparation of their defense and in light of the fact that the Court had previously ordered Plaintiff on two occasions to answer the interrogatories, the Court concludes that Plaintiff's failure to answer was willful and in conscious disregard for Defendants' discovery rights. Accordingly, the Court concludes that the appropriate sanction should be to limit the proof offered by Plaintiff on the elements of liability enumerated in paragraph 7 to Plaintiff's Second Amended Original Petition.

Jurisdiction of the Court arises (1) under statutes of the United States—specifically, 15 U.S.C. § 77v (1976) which provides jurisdiction under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.;* 15 U.S.C. § 78aa (1976) which provides jurisdiction under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.;* and 18 U.S.C. § 1964 (1976) which provides jurisdiction under Title IX of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, *et seq.* and (2) under the Court's pendent jurisdiction—specifically, claims under the Tex.Bus. & Comm.Code Ann. § 27.01 (Vernon's 1968).

Since the Court has limited the proof regarding the elements of claims which provide jurisdiction under a federal statute, it is the opinion of the Court that the cavity in Plaintiff's pleadings denies the Court subject matter jurisdiction over Plaintiff's federal claims. Additionally, the Court in exercising its discretion over a dangling state claim, declines pendent jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

It is, therefore,

ORDERED that Defendants' motion for Sanctions is GRANTED and that Plaintiff will not be permitted to prove facts regarding the request for information in interrogatory number 5. Accordingly, it is ORDERED that Plaintiff's claim is DISMISSED without prejudice, *see, e.g., Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980) (collecting cases), with costs taxed against Plaintiff.