**456**

Brenda E. BUTLER, Plaintiff,

v.

Raymond DONOVAN, Defendant.

Civ. A. No. 83–1295.

United States District Court,
District of Columbia.

Nov. 20, 1984.

David K. Nisbett, Riverdale, Md., for plaintiff.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

The present controversy originated on January 13, 1984 when the defendant in this Title VII action served interrogatories and requests for production of documents upon plaintiff. The plaintiff's response to these requests was due on February 15, 1984, the originally established closing date for discovery in this action.

On March 9, 1984, defendant's counsel filed a motion for summary judgment or, in the alternative, for sanctions based on plaintiff's failure to serve answers or objections to the interrogatories and document requests. See Fed.R.Civ.P. 37(d)(2). On March 29, 1984, plaintiff filed her response to defendant's motion—three days late. Plaintiff's response to the motion was a request for an enlargement of time until March 30 to respond to defendant's motion for sanctions. Despite the late filing and defendant's opposition to the request, the Court granted plaintiff's request and extended the time for response.

Plaintiff ultimately filed her opposition on April 2. In reference to the Motion for Sanctions, plaintiff's counsel stated that "Plaintiff will voluntarily comply [with the discovery requests] without necessity of court order." Plaintiff suggested "that such answers can be filed this week."

Defendant's reply memorandum of April 16 informed the Court that the discovery had not yet been received and reiterated the argument that plaintiff's failure to respond had hampered defendant's preparation of his summary judgment motion.

The Court ultimately denied defendant's motion for summary judgment on the ground that genuine issues of material fact necessitated trial on those issues. The Court also ordered that "the plaintiff shall have ten days to comply, if she has not already done so, with all of defendant's outstanding discovery requests. Failure to comply with this order will be enforced by appropriate sanctions." Butler v. Donovan, No. 83–1295 (Sept. 27, 1984). On October 9—two days after the Court-ordered ten day limit—plaintiff's counsel filed a motion for extension of time in which to comply with discovery requests. In what was perhaps an excess of leniency, this Court once again granted the extension and ordered plaintiff to comply by October 15.

On November 1, plaintiff had not complied with the Court's order and the defend-

ant, not surprisingly, renewed once again his motion for sanctions. Plaintiff has declined to file any written response within the time allotted by local rule.

Over ten months have passed since defendant's initial discovery request was filed. Although plaintiff has offered a variety of excuses,[1] she has not taken the action required by Federal Rules of Civil Procedure 33 and 34: she has not answered or otherwise objected to the discovery requests. Plaintiff has maintained this posture of complete non-compliance despite two direct orders from this Court.

It is obvious that plaintiff's discovery problems are at least partially to blame for the extraordinary delay in this lawsuit. Pretrial, originally scheduled for April 2, was delayed because of the need to reschedule dispositive motions. The summary judgment motions were, in turn, delayed because of discovery. Pretrial, currently set for December 3, would no doubt have to be cancelled again as the answers sought by defendant have not yet been received. In addition to delay, it is also fair to assume that defendant's original summary judgment motion was weakened by plaintiff's refusal to provide discovery concerning the factual allegations of the complaint. While the "injury" to the opposing party is not a factor in the Court's consideration of sanctions under Rule 37, the difficulties encountered in this particular lawsuit are illustrative of the problems that arise when parties decline to play by the rules. This failure is even more egregious when plaintiff, who has the burden of going forward with the claim, delays a discovery request for almost a year without explanation.

The purpose of the Federal Rules was to reform the "sporting" theory of trial and allow for a rational and well-balanced search for truth. *Hickman v. Taylor*, 329 U.S. 495, 500–01, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). The Rules, however, fail to achieve their purpose and may even distort the truth-finding process when one party simply refuses to comply.

Although an order of dismissal is the harshest of discovery sanctions, the Court believes it is appropriate in this case, not only to prevent plaintiff from profiting by her long-standing failure to comply with this Court's orders, *see Dellums v. Powell*, 566 F.2d 231 (D.C.Cir.1977), but as a general deterrent to such blatant disregard of the rules of court. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). "[U]nless Rule 37 is perceived as a credible deterrent rather than a 'paper tiger' ... the pretrial quagmire threatens to engulf the entire litigative process." *Cine Forty-Second Street Theatre v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1064 (2d Cir.1979) (Kaufman, J.) (citations omitted).

Using dismissal or default as a form of discovery sanction raises the possibility that a worthwhile litigant may lose her day in court because of the fault of her counsel. Nevertheless, in this as in many other contexts, a client chooses counsel at his own peril, *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). It should also be noted, however, that the delays and postponement occasioned by discovery abuse affect not only

---

**1.** This Court is not without sympathy for the attorney who occasionally misses a deadline. Indeed, as the record will demonstrate, the Court has been quite liberal in the granting of extensions. However, plaintiff's counsel has at this point offered so many occasions and so many reasons for unpreparedness that the Court is convinced that this action will never go forward. Counsel has missed filings or required enlargements because of "illness," Plaintiff's July 20, 1983 Motion for Enlargement, because of "the press of other business," plaintiff's

March 29, 1984 Motion for Enlargement, and because "counsel will be out of town," Plaintiff's October 9, 1984 Motion for Enlargement. All of these are valid reasons and the Court has no doubt that counsel has been scrupulously honest in its dealings with the Court. However, sincerity is not a substitute for responsibility. Plaintiff's refusal to comply with opposing counsel's requests and this Court's Order evinces a total disregard for the rules of court and the instant litigation.

the clients of the counsel in question but many other litigants. One irresponsible attorney's repeated delays cause a ripple effect of delay and postponement in the Court's entire calendar.

The Court has carefully considered the record in this case and finds that the failure of plaintiff's counsel to respond to discovery requests was not due to "inability" fostered by circumstances beyond his control. *Cf. Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958). Rather, this longstanding delay in basic discovery compliance, coupled with the complete absence of any written response to this Court's order, can only be characterized as "willful" conduct. In fact, the circumstances of this case are not unlike those in *National Hockey League,* in which the Supreme Court found sufficient evidence of "flagrant bad faith" and "callous disregard" of responsibility to uphold the district court's dismissal of the action. *See* 427 U.S. at 640–41, 96 S.Ct. at 2779–80 (plaintiff's counsel repeatedly failed to answer interrogatories or otherwise object in timely fashion despite warning from court that failure to respond would result in sanctions). Despite the original reluctance of many courts to impose sanctions, the Supreme Court's opinion in *National Hockey League* is believed by some to be a turning point in the philosophy of discovery sanctions. *See* Note, The Emerging Deterrence Orientation of the Imposition of Discovery Sanctions, 91 Harv.L.R. 1033 (1978). In any case, the Court's admonition to "diligently" apply the appropriate sanctions, *Roadway Express,* 447 U.S. at 766, 100 S.Ct. at 2464, has been heard in the lower courts, and an increasing number of federal courts have imposed or upheld discovery sanctions such as that imposed today. *See e.g., Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585 (9th Cir.1983); *Hindmon v. National-Ben Franklin Life Ins. Co.,* 677 F.2d 617 (7th Cir.1982); *Corchade v. Puerto Rico Marine Management,* 665 F.2d 410 (1st Cir.1981); *International Mining Co. v. Allen & Co., Inc.,* 567 F.Supp. 777 (S.D.N.Y.1983); *Ormiani v.*

*Rhode Island Hospital,* 938 F.R.D. 848 (D.R.I.1982). Of course, such an order should not be imposed lightly; nevertheless, when the sanction is appropriate, the courts owe a duty to the litigants to enter the order.

In short, the Court believes that the plaintiff's procedure in this case has been sufficiently disruptive and irresponsible to warrant the entry of a discovery sanction. Moreover, the Court believes that the sort of delay in this case—spanning over ten months and two court orders—is sufficiently egregious to warrant a dismissal of the case. Accordingly, it is this 20th day of November, 1984, hereby

ORDERED that the above-captioned case be, and is dismissed with prejudice; and it is

FURTHER ORDERED that judgment be entered for the defendant.