**Norman SCHWARZENBACH,
Plaintiff–Appellant,**

v.

**Lyla SCHWARZENBACH,
Defendant–Appellee.**

**No. 88–919.**

Court of Appeals of Iowa.

July 26, 1989.

Warren L. Bush of Bush Law Office, Wall Lake, for plaintiff-appellant.

Francis Fitzgibbons and Harold W. White of Fitzgibbons Brothers, Estherville, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, Norman Schwarzenbach, appeals the decision of the district court directing a verdict in favor of the defendant, Lyla Schwarzenbach. He contends the district court erred in 1) imposing discovery sanctions upon the plaintiff without an opportunity for a hearing; 2) overruling his motion for a mistrial; and 3) directing a verdict for the defendant at the close of plaintiff's evidence.

The parties, Norman Schwarzenbach and Lyla Schwarzenbach, were formerly married to each other. The marriage was dissolved in 1981. In 1985 Norman filed the

present slander suit against Lyla. He alleged that from 1980 to 1984, before and after the dissolution, Lyla had repeatedly made statements to third parties accusing Norman of extramarital sex during the marriage.

During discovery, Lyla filed a request for production of all documents relating to psychiatric care received by Norman since 1970. She alleged these documents were relevant to show that Norman's state of mind and perceptions of her conduct were materially affected or caused by his psychiatric condition.

Norman resisted the request for production of documents, but the district court granted the request and directed Norman to comply by a certain date. He did eventually produce certain documents relating to his psychiatric care, but Lyla asserts that the documents he produced were quite incomplete. She asked that discovery sanctions be imposed on Norman pursuant to Iowa Rule of Civil Procedure 134(b)(2)(B) due to his alleged incomplete and dilatory production of the required documents. The district court without notice or hearing granted Lyla's request for sanctions and entered an order prohibiting Norman from offering any evidence of his own regarding his state of mind, his perception of Lyla's conduct and statements, or his reputation and character.

The case later proceeded to trial. At the close of Norman's evidence, the district court granted Lyla a directed verdict. Norman has appealed from the resulting judgment. We reverse on the ground hereafter noted.

We are here concerned with Iowa Rules of Civil Procedure 129, 130, and 134. Defendant served the plaintiff with a request for production under rule 129. Once plaintiff was served with the request to produce, rule 130 comes into play. That rule provides:

&ast; &ast; &ast; &ast; &ast; &ast;

[T]he party upon whom the request is served shall serve a written response within thirty days after the service of the request, except that a defendant may serve a response within sixty days after service of the original notice upon that defendant. The court may allow a shorter or longer time....

Iowa R.Civ.P. 130. The response takes on two forms: if no objection to the request is to be made, the response agrees to permit the inspection and related activities as requested; if objection is to be made, the reasons for the objection must be stated. *Id.* The plaintiff here timely responded by filing written objections.

Court intervention at this juncture is unnecessary. If the requesting party is not satisfied with the response (written objections in this case), it is for that person to bring the matter before the court. Rule 130 is also available for this purpose and it provides:

> ... the party submitting the request may move for an order under R.C.P. 134 with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

*Id.*

Therefore, if a dissatisfied requesting party desires an order to compel discovery, he may do so under rule 134. That rule in part provides: "a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery...." Iowa R.Civ.P. 134. It is at this point that the court is called upon to intervene.[1]

In the case before us, the defendant filed her request for an order to compel discovery under rule 134. The court ruled that the request for production should be granted and ordered the plaintiff to comply. The plaintiff thereafter filed a response and produced a number of documents. On January 2 and April 21, 1988, he sent to defendant's counsel additional medical records. It was in his April 21, 1988, communication that plaintiff advised that he had now sent all records which he had been provided by the various medical

---

**1.** We here note that before sanctions can be imposed under rule 134(b)(2), there must first be a court order compelling discovery. *See* Iowa R.Civ.P. 134(b)(2) (1989).

institutions. This then brings us to the problem at hand.

On April 13, 1988, the defendant filed her motion for discovery sanctions under rule 134. The defendant asserted in her motion that the medical records produced by plaintiff:

> Failed to comply with defendant's request in that they are incomplete. There is little, if any, material prior to 1981, there are essentially few clinical notes, few admission records, few discharge summaries, and a total absence of the clinical records that would normally be associated with the care and treatment of a patient such as plaintiff.

The motion further alleged that plaintiff had failed to engage in discovery in good faith and intentionally disobeyed the court's order for production of medical records. In addition, the motion asserted that the failure to comply had:

> A material adverse affect on the defendant's ability to defend against the plaintiff's claims *and therefore an order under I.R.C.P. 134(b)(2)(B) should be entered precluding the plaintiff from offering any evidence relating to the plaintiff's state of mind, reputation, or character, and further precluding the plaintiff from offering evidence pertaining to his perception of the defendant's acts, conduct, or alleged statements.*

(Emphasis added.)

Plaintiff, on April 20, filed his resistance to the motion for discovery sanctions and made application for hearing. In his resistance, plaintiff alleged that he had attempted in good faith to comply, "having personally phoned each medical institution and having ordered a complete copy of his medical file." Plaintiff further stated that he had forwarded to defendant a complete copy of the documents obtained in response to his request. He asked that the matter

be set for hearing and that after such hearing the court enter an order denying the motion for discovery sanctions.

On May 3, 1988, an order was entered by the court without hearing stating that the pending motion had come before the court on May 2, 1988. The order recited that plaintiff had not complied with the court's order compelling discovery and that sanctions should be granted pursuant to defendant's motion. The court then ordered that:

> Plaintiff will, at the time of trial, be precluded from offering *any evidence* relating to the plaintiff's state of mind, reputation, character, or the plaintiff's perception of the defendant's acts, conduct or statements.

(Emphasis supplied.)

Plaintiff argues the district court erred in imposing discovery sanctions upon him without an opportunity to be heard. We agree for the reasons hereafter stated.

We distinguish this case where a party files responses and believes he has complied with the court order from those cases where the reluctant party completely ignores a court order. In the latter situation, sanctions may be imposed under rule 134(b)(2) for the party has failed to "obey an order" entered under rule 134(a). We conclude, however, that under either situation it is implicit under rule 134(b) that before sanctions can be imposed the affected party must be afforded the opportunity of a hearing.[2]

In the case before us, the plaintiff did answer and produce, albeit to the dissatisfaction of the defendant. But, at least at this juncture, rule 134(b)(2) is not available for the imposition of sanctions for this rule has application only when the requested party fails to obey a court order. 8 *Wright & Miller Federal Practice and Procedure* § 2282 (1977).

---

**2.** We note under rule 134(b) that there are instances when a deponent may be held in contempt of court for failure to obey an order. In this regard, it cannot seriously be challenged that before contempt can be invoked the person involved is entitled to reasonable notice of the charge and an opportunity to be heard. *Falstaff*

*Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 783 (9th Cir.1983). We see no reason to distinguish the procedure involved in invoking the other instances of sanction under rule 134(b) from contempt at least insofar as a right to notice and hearing is concerned.

Thus, it is clear, except for the impact of rule 134(a)(3), that rule 134(b) does not cover situations where the responding party initially makes incomplete and evasive answers or where his productions are incomplete. The requesting party's remedy is a motion under rule 134(a) to compel a more detailed answer (or production) and securing a ruling thereon.[3] In this respect, we note the following from 8 *Wright & Miller Federal Practice & Procedure* § 2285 (1977):

> Prior to 1970 the rules, if literally read, provided no remedy for incomplete and evasive answers. The sanctions of Rule 37(b)(2) could not be imposed, because they applied only if the party had refused to obey a court order with regard to discovery. Rule 37(d) could not be invoked because the party had served answers as that rule required, albeit the answers were insufficient. A motion under Rule 37(a) did not seem to be available because literally the party had not refused to answer, as that rule then required. Nevertheless it was clear that the court had to have power to compel adequate answers. It would have made a mockery of the interrogatory procedure if a party could give an unresponsive answer and could not be compelled to do more. Thus, despite the technical difficulties, the courts uniformly and properly held that a motion would lie to compel further answers if the original answers were inadequate.

> Rule 37(a)(3) now expressly confers power to do what the courts had already been doing. Under the rule, as under the former judge-made doctrine, the court will have discretion in determining whether to order further answers. Now that a procedure is clearly provided for dealing with answers claimed to be inadequate or evasive, a party who fails to take advantage of it is not likely to be able to secure some other remedy later because of the alleged defects of the answers.

The corollary under our rule to federal rule 37(a)(3) is Iowa Rule of Civil Procedure 134(a)(3). Under our rule 134(a)(3), an evasive or incomplete answer may be treated as a failure to answer. Like the federal rule, should the court order the production of additional material and should the responding party respond evasively or incompletely, there is a procedure available to deal with that situation.

We conclude that since the plaintiff did respond, under the circumstances here, the trial court erred in imposing a rule 134(b)(2) sanction. Should the defendant file a motion to compel further production (or answers), the plaintiff is entitled to a hearing thereon. We do not form an opinion as to the extent of a sanction should the court later determine that the plaintiff's response is evasive or incomplete. We do hold, however, that sanctions cannot be imposed without a hearing.

As it relates to discovery sanctions, the supreme court has held that a trial court's sanction orders are within the trial court's discretion and the issue on appeal is whether that discretion is abused. *Smiley v. Twin City Beef Co.*, 236 N.W.2d 356, 359 (Iowa 1975). Abuse of discretion is generally "found only where there is a lack of substantial evidence to support the trial court's ruling." *Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). As the court stated in *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir.1964), cited with approval in 7 *West Federal Practice Manual* §§ 7691 to 10,000 (1979),

> Although a trial judge's latitude in framing orders and in penalizing failures to comply is broad, his discretion is not limitless.... And although rule 37(b) [which is comparable to our rule 134(b)] applies to all failures to comply, whether willful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions.... In deciding whether the trial judge overstepped his bounds, it is necessary to weigh the relative faults and relative hardships.

**3.** For a general discussion on this subject as it relates to federal rules 33, 37(d), 37(a), 37(a)(3), and federal rule 34, which are similar if not identical to our rules 126, 129, 130, and 134, see 7 *West Federal Practice Manual* § 8493–8494 (1979).

Rule 134(b) provides a wide range of sanctions for a party's failure to comply with court discovery orders. The choice among the various sanctions rests within the discretion of the trial court. The Federal Court of Appeals for the Second Circuit, in *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979), stated:

> Preclusionary orders ensure that a party will not be able to profit from its own failure to comply. *Dellums v. Powell*, 184 U.S.App.D.C. 339, 566 F.2d 231 (1977). Rule 37 strictures are also specific deterrents and, like civil contempt, they seek to secure compliance with the particular order at hand. *Robison v. Transamerica Ins. Co.*, 368 F.2d 37 (10th Cir.1966). Finally, although the most drastic sanctions may not be imposed as "mere penalties," *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909); *see Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), courts are free to consider the general deterrent effect their orders may have on the instant case and on the other litigation, provided that the party on whom they are imposed is,

in some sense, at fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

The result of the court ordered sanctions imposed a limitation on the plaintiff's proof. We are unable to determine the effect this limitation had when the trial court sustained the defendant's motion for a directed verdict. Thus the plaintiff is entitled to a new trial. Since we reverse and remand with directions for a new trial, we need not address the remaining issues raised by the plaintiff.[4]

REVERSED AND REMANDED FOR NEW TRIAL.

---

**4.** We suggest on retrial fundamental fairness requires that the children sit outside of the courtroom rail; although if the plaintiff has one person sitting with him, the same fairness permits the defendant to have one person sitting with her.