972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ROSE MANUFACTURING COMPANY, Plaintiff-Appellee,
v.
UNITED STATES FORGECRAFT CORPORATION; David Monnich,
Defendants-Appellants.
 No. 91-1269.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal the district court's order dismissing this civil action without prejudice, pursuant to Fed.R.Civ.P. 37(b), as a sanction for Plaintiff's failure to comply with discovery orders. The issue presented by this appeal is whether the district court abused its discretion in dismissing this action without prejudice, rather than with prejudice. See Willner v. University of Kan., 848 F.2d 1023, 1030 (10th Cir.1988) (appellate court reviews district court's dismissal under Rule 37 for failure to provide discovery for abuse of discretion), cert. denied, 488 U.S. 1031 (1989). Upon review of the record and the parties' arguments on appeal, we conclude that the district court did abuse its discretion in refusing to dismiss Plaintiff's claims with prejudice.
 
 
 3
 Plaintiff commenced this diversity action November 1, 1988, asserting claims for breach of contract and patent infringement. Defendants answered the complaint and served Plaintiff with its first set of interrogatories. Responses to those interrogatories were due February 16, 1989. Plaintiff timely filed objections to eleven of the forty-four interrogatories propounded, but failed to file timely responses to the remaining interrogatories.
 
 
 4
 Defendants, on February 21, filed a motion for imposition of sanctions against Plaintiff for its failure to file timely responses to those interrogatories to which Plaintiff asserted no objection. On March 3, Defendants filed a motion to compel responses to the interrogatories to which Plaintiff did object.
 
 
 5
 Following a hearing held April 7, 1989, before a magistrate judge, to whom discovery matters in this case had been referred, the magistrate judge denied Plaintiff's objections to the interrogatories and ordered Plaintiff to provide Defendants with responses to all interrogatories. During the April 7 hearing, the magistrate judge admonished Plaintiff that failure to comply with a discovery order could result in dismissal of the action.
 
 
 6
 On April 12, Plaintiff provided Defendants with verified responses to those interrogatories to which Plaintiff had not objected. Asserting that Defendants had refused to negotiate a time table for provision of the responses to the remaining interrogatories, however, Plaintiff failed to provide those answers as required by the magistrate judge's April 11 order. In light of Plaintiff's failure to provide the remaining answers, Defendants, on June 6, 1989, filed a motion for dismissal of the action due to Plaintiff's failure to comply with the magistrate judge's discovery order. Plaintiff eventually provided verified responses to the remaining unanswered interrogatories several days prior to a hearing, scheduled for July 20, 1989, on the motion to dismiss. Following that hearing, the magistrate judge noted that
 
 
 7
 [t]he fact that the [April 11] order did not contain a deadline for plaintiff to submit answers in place of its objections does not excuse plaintiff's interference with the orderly progress of discovery. ... Plaintiff clearly had a duty to promptly provide full and complete answers, but did not do so until defendant once again filed a motion. Moreover, the answers filed June 28, 1989, over two months after the Magistrate's order, were neither complete nor sworn and verified.
 
 
 8
 Appellants' App., doc. 18 at 3-4. Although the magistrate judge declined to dismiss the action as a sanction for Plaintiff's failure to comply with the discovery order, the magistrate judge did award Defendants their costs and attorneys' fees incurred in preparing the motion to compel, id. at 4-5, and recommended to the district court that Plaintiff "be barred from presenting evidence or witnesses concerning incomplete responses to interrogatories not later supplemented," id. at 5-6.
 
 
 9
 In February 1990, Defendants served Plaintiff with a request for production of documents, which included a request for "all financial statements for [Plaintiff] which cover the years 1987, 1988 and/or 1989." Id., doc. 19, exh. A. Plaintiff objected to this request, and Defendants filed a motion to compel production.
 
 
 10
 Following a hearing, the magistrate judge ordered Plaintiff to produce all requested documents, but in accordance with a confidentiality order requested by Plaintiff. In response to the magistrate judge's order compelling production, Plaintiff produced a three-page financial report for each of the three years requested, accompanied by a letter dated July 19, 1990, asserting that these were "all documents that exist which are responsive" to Defendants' production requests. Id., doc. 19, ex. E. Defendants later submitted the affidavit of one of their experts, who asserted that these financial statements did not contain sufficient information for the expert to develop an opinion concerning the financial issues presented by this case.
 
 
 11
 During a deposition of Plaintiff's president, Defendants became aware of the existence of other, audited financial statements for 1987, 1988, and 1989, which had been prepared annually by an outside accountant and which Plaintiff had failed to produce. In light of this revelation, Defendants filed a motion to dismiss as a sanction under Rule 37 for Plaintiff's failure to comply with discovery orders. Then, during the court-ordered deposition of Plaintiff's trial counsel, who was also Plaintiff's vice-president in charge of, among other things, the accounting department, Defendants further discovered that there existed monthly financial reports for this period of time which Plaintiff had also failed to produce. As a result of this further disclosure, Defendants filed yet another motion to dismiss.
 
 
 12
 In response, Plaintiff asserted that the magistrate judge's order that Plaintiff produce "[a]ll financial statements ... which cover the years 1987, 1988, and/or 1989," did not mean that Plaintiff was required "to produce every financial statement prepared during the years 1987, 1988 and 1989." Id., doc. 26 at 4. Plaintiff also argued that (1) the request for production specified only financial statements "which cover the years" 1987, 1988, and 1989 and, therefore, did not include the monthly statements; (2) Defendants possessed all the information they needed from the statements already produced and, therefore, did not need the monthly financial statements; and (3) even though Defendants had not specifically requested the monthly statements, and production of those statements would have been cumulative, Plaintiff had now offered to produce those documents. Id. at 3-4.
 
 
 13
 The magistrate judge recommended to the district court that it grant Defendants' motions to dismiss as a sanction for Plaintiff's continuing violations of discovery orders. The magistrate judge found to be without merit Plaintiff's claims that it had made a reasonable interpretation of the discovery request and that, in any event, Defendants had not been prejudiced:
 
 
 14
 Considering the Court's May 2, 1990, bench ruling, subsequent July 2, 1990, written order compelling production under a confidentiality agreement, and defendant's further request, plaintiff's attempt to place the burden on defendant to seek a court order compelling production of the audited statements is incredible. Equally offensive and self-serving is plaintiff's assertion that its three-page statements, consisting of information selectively taken from the audited reports, are a "reasonable interpretation" of "all financial statements." Contrary to plaintiff's claims, defendant has been prejudiced by plaintiff's failure to provide audited statements. Based on the limited information provided, defendant's expert ... was unable to reach an opinion on a key issue in the defense....
 
 
 15
 Id., doc. 28 at 3.
 
 
 16
 The district court, considering the motions to dismiss, agreed with the magistrate judge's recommendation and dismissed the civil action on May 30, 1991:
 
 
 17
 [Plaintiff] had been warned about and even sanctioned for its noncompliance with discovery orders. Yet, [Plaintiff] continued to ignore discovery orders under the guise that it was interpreting those orders as a "reasonable accountant" would interpret them. The Court cannot agree that [Plaintiff's] interpretation of the numerous discovery requests and court orders was reasonable. It is evident that [Plaintiff] acted in bad faith, that [Defendant] was prejudiced by [Plaintiff's] actions, and that alternative sanctions have proven ineffective. Considering the facts surrounding [Plaintiff's] lengthy record of discovery violations in this case, the Court agrees with [the magistrate judge's] recommendation for dismissal of this civil action.
 
 
 18
 Id., doc. 30 at 3.
 
 
 19
 Defendants, who had counterclaims pending against Plaintiff at the time the district court dismissed the civil action, filed a motion to clarify that the order did not preclude Defendants from reasserting those claims at a later date. In response to that motion, the district court sua sponte amended its May 30 order to indicate that the court had dismissed Plaintiff's complaint without prejudice. Defendants filed a motion to alter or amend the district court's judgment, pursuant to Fed.R.Civ.P. 59(e), arguing dismissal should be with prejudice. The district court denied that motion, and Defendants appealed.
 
 
 20
 The district court's initial order dismissed Plaintiff's claims with prejudice. See 4A Moore's Federal Practice p 37.03 (2d ed. 1991) ("Unless the court indicates otherwise in the order, a dismissal under Rule 37 ... is an adjudication on the merits."). Although dismissal with prejudice is "the most severe in the spectrum of sanctions," National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976), justified only by extreme circumstances, see Meade v. Grubbs, 841 F.2d 1512, 1520 and n. 6 (10th Cir.1988) (addressing dismissal with prejudice under local rule), the record in this case, considered as a whole, see National Hockey League, 427 U.S. at 641-42, clearly warrants dismissal with prejudice. We agree with the magistrate judge that "Plaintiff's flagrant and repeated failures to provide discovery have made a mockery of the discovery process and represent an egregious offense against the court." Appellants' App., doc. 28 at 4.
 
 
 21
 Although dismissal of Plaintiff's claims without prejudice will adversely affect Plaintiff, that adverse effect is outweighed by the benefits Plaintiff derived from such a dismissal. See Dellums v. Powell, 566 F.2d 231, 235 (D.C.Cir.1977) ("it is fundamental that a party that does not provide discovery cannot profit from its own failure"). In amending the dismissal to be without prejudice, the district court, in effect, gave Plaintiff an opportunity to pursue this litigation on a clean slate, without the trail of discovery abuses and resulting sanctions found in the initial action.
 
 
 22
 Further, dismissal with prejudice under Rule 37 as a discovery sanction serves, not only to punish contumacious conduct, "but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League, 427 U.S. at 643. "[L]enity ..., while certainly a significant factor in considering the imposition of sanctions under Rule 37, cannot be allowed to wholly supplant other and equally necessary considerations embodied in that Rule." Id. at 642.
 
 
 23
 Under the circumstances of this case, the district court abused its discretion in amending its initial dismissal order to make the dismissal without prejudice. Cf. Dellums, 566 F.2d at 236 (district court abused its discretion in reinstating plaintiff's claims, dismissed for failure to provide discovery, "if for no other reason than the prophylactic considerations identified in National Hockey League ").
 
 
 24
 We, therefore, REVERSE the district court's order amending the original dismissal order, and REMAND this cause to the district court with instructions to enter an order dismissing the complaint with prejudice. In addition, in light of the egregious and contumacious conduct of Plaintiff's counsel, we direct the district court, on remand, to give the strongest consideration to referring its file in this matter to the disciplinary arm of the Colorado bar, as well as considering disciplinary action by the federal court itself. See People v. Haase, 781 P.2d 80 (Colo.1989) (attorney suspended from the practice of law for six months in light of misconduct during discovery proceedings). "[T]he mandate of the Code of Judicial Conduct for United States Judges ... direct[s] judicial officers to 'take or initiate appropriate disciplinary measures against a ... lawyer for unprofessional conduct of which the judge becomes aware.' Canon 3 B(3). This includes, if warranted, bringing the matter to the attention of appropriate state disciplinary authorities." Mylett v. Jeane, 910 F.2d 296, 301 (5th Cir.1990).
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3