Christopher J. **MYLETT,**
Plaintiff–Appellant,

and

David T. Lopez, **Appellant,**

v.

L.M. **JEANE,** et al.,
Defendants–Appellees.

No. 90–2181
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 6, 1990.

David T. Lopez, Houston, Tex., pro se and for plaintiff-appellant.

John Eckel, Richard S. Crowther, George W. Vie, III, Mills, Shirley, Eckel and Basset, Galveston, Tex., for defendants-appellees.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

We revisit this 42 U.S.C. § 1983 suit. We previously denied Christopher J. Mylett relief from adverse judgment rejecting his demands, but remanded for clarification of an award of attorney's fees. Mylett now appeals the assessment of attorney's fees as clarified, and his attorney, David T. Lopez, appeals the denial of a motion for reconsideration of Fed.R.Civ.P. 11 sanctions. We reverse the award of 42 U.S.C. § 1988 attorney's fees against Mylett and vacate the imposition of Rule 11 sanctions against Lopez, remanding the latter for hearing as directed herein.

### Background

In his capacity as an unpaid reserve police officer for the City of Santa Fe, Texas, Mylett participated in the arrest of the spouse of a prominent citizen. Although an internal investigation exonerated Mylett of any wrongdoing, at least some members of the City Council were disturbed by the arrest and viewed it as the culmination of a string of what they considered to be examples of poor judgment on the part of police officers. Shortly thereafter the Council voted to amend the City's auxiliary officer ordinance to require auxiliary officers to reside within the Santa Fe Independent School District. This residency requirement affected Mylett and one other reserve officer. The police chief terminated Mylett. Subsequently the ordinance was passed with a "grandfather clause."

Invoking 42 U.S.C. § 1983, Mylett sued the City of Santa Fe and numerous city officials, as well as Kenneth Adams, a former colleague on the City of Pasadena, Texas police force, alleging violation of the prohibition of bills of attainder contained in Article I, § 9 of the Constitution. Mylett further charged defendants with violating his first amendment right to seek redress of grievances by terminating him because of his then-pending suit against a former employer, the City of Pasadena, Texas. He sought injunctive relief and monetary damages.

The court denied a preliminary injunction. The case was then referred by consent for a jury trial before a magistrate. The magistrate directed a verdict in favor of defendant Adams. The jury returned a verdict in favor of the other defendants. The magistrate thereafter taxed costs to Mylett and awarded defendants $23,289.22 in attorney's fees. He further imposed, *sua sponte,* a sanction of $2,500 against Lopez pursuant to Fed.R.Civ.P. 11 because Lopez had asked for sanctions against defendants when they sought an award of attorney's fees.

On Mylett's appeal we affirmed the directed verdict in favor of Adams and the judgment on verdict in favor of the Santa Fe defendants, as well as the denial of Mylett's request for a new trial. We also found that we lacked jurisdiction to consider the Rule 11 sanctions because Lopez had not appealed. We remanded, however, for clarification of the method and rationale

for the assessment of attorney's fees, including whether Lopez was responsible for paying if Mylett did not. *Mylett v. Jeane,* 879 F.2d 1272 (5th Cir.1989). On remand the magistrate made clear that the award of attorney's fees was premised on 42 U.S.C. § 1988 and imposed solely on Mylett. The magistrate also denied Mylett's motion for reconsideration, including a request to vacate the Rule 11 sanctions against Lopez. The magistrate denied the latter on the grounds that we had affirmed the sanctions and that they were beyond the reach of the remand. Mylett and Lopez timely appealed. The defendants seek sanctions against Lopez for filing a frivolous appeal.

*Analysis*

1. *Attorney's fees under § 1988*

Under 42 U.S.C. § 1988 the court may award attorney's fees to the prevailing party in certain types of litigation. The standard for the award of such fees differs depending on whether the prevailing party is the plaintiff or the defendant. Adopting the standard expressed in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), for Title VII cases, we have permitted attorney's fees to prevailing defendants under section 1988 only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation or that the plaintiff continued to litigate after it clearly became so. *Coats v. Pierre,* 890 F.2d 728 (5th Cir. 1989); *Lopez v. Arkansas County Independent School District,* 570 F.2d 541 (5th Cir.1978). Concluding that the magistrate misconstrued the burden which defendants must meet under the "frivolous, unreasonable, or without foundation" test, and that his findings otherwise are not supported by the record, we reverse the award of attorney's fees.

The magistrate assigned three reasons for awarding attorney's fees to the defendants: (1) After his petition for a temporary injunction was denied Mylett persisted in his bill-of-attainder theory without deposing any of the defendants or presenting new or additional evidence at trial; (2) Mylett persisted in pursuing a theory of interference with his first amendment rights without producing any evidence to support this claim against the City of Santa Fe defendants; and (3) Mylett persisted in alleging damage to his ability to operate a private detection service after the court ruled that the City had no obligation to qualify him for such activity. We address each in turn.

█ The failure to take depositions does not render an action frivolous, unreasonable or groundless. The decision regarding depositions may be a matter of litigation strategy or might be compelled by other factors. As Mylett's counsel noted, in some cases the taking of depositions can be prohibitively expensive. Attorneys for litigants with limited means must act consistent therewith. Mylett did undertake discovery, propounding interrogatories and requesting production of documents and admissions of fact.

█ Further, the denial of the request for a preliminary injunction does not support the magistrate's first basis for awarding attorney's fees. Findings of fact and conclusions of law disposing of a request for a preliminary injunction are not binding at trial on the merits. *University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). At the preliminary injunction phase the court found that Mylett had failed to prove he was likely to succeed. This is not a finding that he could not succeed. Mylett's failure to convince the judge that he was likely to succeed did not *per se* preclude a jury from finding in his favor on the same or similar evidence. Accordingly, the bare fact that Mylett decided to continue litigating without the aid of depositions after denial of a preliminary injunction does not demonstrate that continued litigation was frivolous.

█ In any event, Mylett sought to produce additional evidence at trial. He proffered a former police officer who he said would testify that the City Council had forced the police chief to apologize for Mylett's controversial arrest, and the city manager's former secretary, who he said

would testify about meetings of city officials to discuss Mylett's termination. Such testimony might have supported Mylett's claim that the City Council gave initial favorable consideration to the auxiliary officer ordinance in order to drive Mylett from the reserve police force. The magistrate refused to allow either witness to testify because Mylett had failed timely to notify defendants of his intent to call them. We do not here question the magistrate's decision to disallow the testimony. However, the magistrate could not disallow that testimony and then impose a fee award penalty on the grounds that Mylett had failed to present additional evidence. *Coats v. Pierre*, 890 F.2d at 734.

■ As to the second assigned basis for the award of fees, the magistrate erred in finding that Mylett had produced no evidence to support his first amendment claim. Mylett presented the testimony of the sergeant who headed the Santa Fe reserves who testified that one council member had said he intended to terminate Mylett and "was on top of the situation" in Pasadena because his mother-in-law had been court clerk there. Although the council member denied an intent to fire Mylett, he did not deny the statement concerning Pasadena. Mylett also presented testimony of both the reserve sergeant and the police chief attesting that he had done nothing to warrant discipline, as well as the testimony of the police chief of the municipality where Mylett had worked prior to Santa Fe reflecting that Mylett had done a very satisfactory job but the mayor wanted his ouster because of the Pasadena dispute. In light of this evidence it cannot be said that Mylett's first amendment claim was frivolous, unreasonable, or without foundation.

■ Finally, the magistrate erred in premising his fee award on the court's prior ruling that the City had no duty to qualify Mylett for private detective work.[1] The only such ruling we find in the record is contained in the denial of the preliminary injunction, which, as the magistrate recog-

nized, is not binding at trial on the merits. Moreover, Mylett did not argue that the City owed him any such duty. Rather, he maintained that if his termination was otherwise unlawful, then the damages flowing therefrom included loss of income in his private detection service because he could not pursue his business without the authority to carry a sidearm and to make arrests. This damages theory rested on a causal relationship between his employment with the City and his ability to carry on his detection service (power to arrest), not on a claimed obligation that the City had to enable him to conduct his private business. The court's conclusion in the preliminary injunction proceedings that the City had no such obligation does not render frivolous, unreasonable, or without foundation Mylett's pursuit of his damages theory. Mylett's testimony concerning the nature of his private employment duties, including the need to make arrests, sufficed to elevate his action above the fee-award threshold.

### 2. *Lopez's appeal of Rule 11 sanctions*

The magistrate self-initiated a $2,500 sanction against Lopez pursuant to Rule 11, stating that Lopez's motion to sanction defendants and their counsel for requesting attorney's fees was "uncalled for, highly improper and Mr. Lopez knows better." On Mylett's prior appeal we lacked jurisdiction to review the award because Lopez had not personally filed a notice of appeal. On remand Lopez sought reconsideration of the Rule 11 sanctions but, as above noted, his motion was denied on the grounds that the sanctions were affirmed by this court and beyond the scope of the remand. Lopez timely appealed denial of the motion for reconsideration.

■ The magistrate erred in finding that the Rule 11 sanctions were affirmed by this court and thus were not subject to reconsideration. Our prior holding did not go beyond the finding that the propriety of the Rule 11 sanctions was not properly before

---

1. Mylett owned a dog trained to detect narcotics, which he used in official police work as well as in private engagements, most commonly to detect narcotics in or near schools.

us. We made no ruling thereon. The magistrate was free to reconsider the matter. *Barrett v. Thomas,* 809 F.2d 1151 (5th Cir. 1987). His failure to address the merits of the motion for reconsideration was error.

■ In the interests of justice and exercising our supervisory powers we vacate the Rule 11 sanctions against Lopez and remand for further proceedings. In the motion papers, the filing of which occasioned the *sua sponte* sanction, Lopez charged that defense counsel had offered to forego attorney's fees if Lopez agreed to forego a challenge to defendants' bill of costs and if he waived Mylett's appeal. At that time it was unclear whether Lopez personally would be obliged to pay the attorney's fees. We disagree with the magistrate that Lopez's statements in his challenged motion were "uncalled for [and] highly improper" if indeed they are true. The allegations make a serious charge—did defense counsel solicit Lopez to breach fiduciary duties to his client for his personal benefit? *See* Texas State Bar Rules, Art. 10, § 9, DR 1–102; EC 5–1; DR 5–101(A), 5–107(A)(2) (superseded by Rules of Professional Conduct 1.06(b)(2), 8.04(a) (1990)); Local Rules, S.D. Tex., App. A. Rule 4; *cf. Ex Parte Mattox,* 683 S.W.2d 93, 98 (Tex. App.1984) ("For one lawyer to offer another lawyer an economic benefit in consideration for the latter's breach of a fiduciary duty owed to a client is not a legitimate negotiating tactic; it is bribery.").

If such misconduct occurred, Lopez had an obligation to bring it to the magistrate's attention. *In re Gopman,* 531 F.2d 262, 265–66 (5th Cir.1976), limited on other grounds, *United States v. Snyder,* 707 F.2d 139 (5th Cir.1983). "When an attorney discovers a possible ethical violation concerning matters before a court, he is not only authorized but is in fact obligated to bring the problem to that court's attention." *Gopman,* 531 F.2d at 265. This duty extends to instances in which "a lawyer is directing the court's attention to the conduct of opposing counsel." *Id.* 531 F.2d at 266. The magistrate then became obligated to take appropriate action in light of the rules adopted by the legal profession and supervisory courts relative to professional conduct. *Woods v. Covington County Bank,* 537 F.2d 804 (5th Cir.1976). Under these circumstances, the magistrate's decision to reject Lopez's allegations summarily imposed Rule 11 sanctions for his attempt to bring them to the court's attention must be vacated as an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

On the record before us we cannot determine the veracity of Lopez's charges. We have only his formal pleadings and the magistrate's summary rejection of same. On remand the magistrate must determine the truth of the charges and decide what sanctions, if any, should be imposed on which attorneys. This is consistent with the mandate of the Code of Judicial Conduct for United States Judges, applicable to magistrates, directing judicial officers to "take or initiate appropriate disciplinary measures against a ... lawyer for unprofessional conduct of which the judge may become aware." Canon 3 B(3). This includes, if warranted, bringing the matter to the attention of appropriate state disciplinary authorities.

Defendants' motion for sanctions for a frivolous appeal is DENIED.

The award of attorney's fees against Mylett is REVERSED.

The imposition of sanctions against Lopez is VACATED and the matter is remanded for further proceedings consistent herewith.