KANSAS HEALTH CARE
ASSOCIATION, INC.,
et al., Plaintiffs,

v.

KANSAS DEPARTMENT OF SOCIAL
AND REHABILITATION SERVICES,
et al., Defendants.

No. 93–4045–RDR.

United States District Court,
D. Kansas.

Oct. 23, 1995.

Randall J. Forbes, Kevin M. Fowler, John C. Frieden, Frieden, Haynes & Forbes, Topeka, KS, for Kansas Health Care Association, Inc., Kross Development Company, Inc., Vintage Group Inc., Innovative Health of Kansas, Inc., Americare Properties, Inc., Riverview Manor Inc.

Robert F. Bennett, James R. Orr, Patrick D. Gaston, Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Phyllis D. Thompson, Dennis B. Auerbach, Vickie J. Larson, Alicia M. Strohl, Covington & Burling, Washington, DC, Bruce A. Roby, Kansas Department of S.R.S., Topeka, KS, for Kansas Department of Social and Rehabilitation Services, Donna Whiteman.

### *MEMORANDUM AND ORDER*

ROGERS, District Judge.

This is a § 1983 action alleging a violation of plaintiffs' rights under the Boren Amendment to the Medicaid Act. 42 U.S.C. § 1396a(a)(13)(A). Plaintiffs are a nursing home trade association and five corporations that own nursing homes participating in the Medicaid program. Defendants administer the Medicaid program for the State of Kansas. On May 10, 1993, this court issued a preliminary injunction: enjoining the operation of reimbursement rates in defendants' Medicaid plan amendment TN 92–22; directing the development of new rates; and directing that an interim rate be paid pending the adoption of new rates. 822 F.Supp. 687. TN 92–22 established reimbursement rates for Kansas nursing homes in the Medicaid program for the fiscal year starting on July 1, 1992 and ending on June 30, 1993.[1] Plaintiffs have not extended their challenge to reimbursement rates for subsequent years. A sum of money representing the difference between the old and interim reimbursement rates currently is on deposit in an escrow

---

1. The plan amendment has also been referred to as "MS–92–22."

account as a result of the preliminary injunction. On August 4, 1994, the preliminary injunction order was affirmed on appeal. 31 F.3d 1536.

Now before the court are: a motion to alter or amend an order denying a motion to dismiss; a motion for class certification by plaintiffs; cross-motions for summary judgment; a motion to strike material submitted in connection with defendants' motion for summary judgment; and a motion in limine.

## I. MOTION TO STRIKE

■ Plaintiffs have filed a motion to strike the statement of Charlene Brown and attached documents on the grounds that Brown was not listed as a witness on defendants' final witness and exhibit list. Defendants have responded that their witness and exhibit list incorporates *plaintiffs'* witness and exhibit list, which identifies the following potential witness:

> Richard P. Brummell and/or a representative of the Health Care Financing Administration (HCFA). Mr. Brummell and/or the representative(s) of HCFA are expected to testify regarding HCFA's review of State Plan Amendment MS–92–22, requirements of the Boren amendment and its implementing regulations, and any communications between employees of HCFA and the State of Kansas regarding State Plan Amendment MS–92–22.

Since Ms. Brown is a representative of HCFA and she addresses the issues mentioned in the above excerpt from plaintiffs' witness list, defendants assert that plaintiffs cannot be unfairly surprised. The court agrees and shall deny plaintiffs' motion to strike.

## II. MOTIONS FOR SUMMARY JUDGMENT

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993):

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Applied Genetics Int'l v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

In this case, it would not be a productive use of time and paper to engage in an extensive recitation of facts. After careful consideration of both sides' motions and supporting materials, the court is convinced that this is not an appropriate case for summary judgment.

■ Defendants ask for summary judgment primarily on the grounds that HCFA, the Health Care Financing Administration, an arm of the U.S. Department of Health and Human Services, gave its approval to the reimbursement plan at issue. Oddly, HCFA's approval came several months after TN 92–22 had expired and a new plan amendment was in force. While HCFA's approval may be entitled to some deference, it is not sufficiently conclusive to justify summary judgment. " '[A] thorough, probing, in-depth review' " is still required by the court. *Abbeville General Hospital v. Ramsey,* 3 F.3d 797, 804 (5th Cir.1993) *cert. denied,* ——

U.S. ——, 114 S.Ct. 1542, 128 L.Ed.2d 194 (1994) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)); *Illinois Health Care Ass'n v. Bradley,* 983 F.2d 1460, 1463 (7th Cir.1993) (quoting same case). We note that the circuit courts in these cases ruled against the state Medicaid plans at issue in spite of HCFA approval. See also, *Multicare Medical Center v. State of Washington,* 768 F.Supp. 1349 (W.D.Wash.1991). We acknowledge that defendants have supplemented their argument for summary judgment with evidence of reimbursement studies, evidence of unnecessary costs, and evidence of aggregate cost coverage. This evidence is not sufficient for the court to conclude on the record before it that defendants are entitled to judgment as a matter of law.

■ To support their motion for summary judgment, plaintiffs rely primarily upon the evidence before and the holdings of this court and the Tenth Circuit in relation to plaintiffs' motion for a preliminary injunction. However, as plaintiffs concede, this court is not bound by the decision on the motion for preliminary injunction when deciding this case on the merits. *Clark v. K–Mart Corp.,* 979 F.2d 965, 969 (3rd Cir.1992); *Mylett v. Jeane,* 910 F.2d 296, 299 (5th Cir.1990). Moreover, it appears that the record upon further discovery has changed, perhaps significantly, with evidence cited in support of defendants' motion for summary judgment. We believe material fact issues remain in this case which are not properly decided upon summary judgment motions. Therefore, the court shall deny plaintiffs' motion for summary judgment.

■ Plaintiffs have asked, in the alternative to summary judgment, that the court grant a motion in limine to bar evidence of unnecessary costs at individual nursing homes. Plaintiffs contend that the Tenth Circuit has already ruled that such evidence is not relevant. We disagree. The Tenth Circuit has stated that the findings procedure required for compliance with the Boren Amendment demands a detailed evaluation of individual health care providers. *Kansas Health Care Ass'n v. Kansas Department of Social and Rehabilitation Services,* 958 F.2d 1018, 1023 (10th Cir.1992). The Tenth Circuit has also stated in this case that, upon a motion for preliminary injunction, the absence of adequate agency findings excuses the court from making such a detailed evaluation when considering a preliminary finding of a substantive violation of the Boren Amendment. 31 F.3d at 1547. As we view the current status of this case, the primary focus of the court must be upon whether plaintiffs can prove any substantive harm from a violation of the Boren Amendment. Procedural violations of the Boren Amendment may have some impact upon the presumptions that operate in this case. *Id.* at 1546 n. 17 ("[S]ubstantial procedural violations will often in fact lead to the substantive harm the statute is designed to avoid."). The approval of the reimbursement plan by HCFA may also impact upon the operative presumptions, as defendants contend. Regardless of the presumptions, evidence of unnecessary costs at individual nursing homes may have some relevance to proof of the substantive harm, if any, from defendants' alleged violation of the Boren Amendment. Therefore, plaintiffs' alternative request for an order in limine shall be denied.

## III. MOTION TO ALTER OR AMEND

■ This motion is directed at an order issued by this court denying defendants' motion to dismiss this case on Eleventh Amendment grounds. Largely, the motion targets a portion of the order which defendants state, and the court agrees, is not essential to the court's order. Specifically, defendants ask the court to alter or amend the statement that "defendants may have waived any Eleventh Amendment argument in this case" and the accompanying discussion.

Without engaging in an extended discussion on matters which the court does not deem to be terribly important, the court will clarify the order in the following manner. The court has not ruled that defendants did waive their rights under the Eleventh Amendment. However, the court believes that waiver is an arguable issue which did not require a decision in resolving defendants' motion to dismiss. Additionally, the

court did not imply or intend to imply that defendants delayed making payments to set up an Eleventh Amendment defense in this case. Finally, the question of whether the court has jurisdiction to order relief from May 10, 1993, even if such relief requires the expenditure of additional funds, has not been fully briefed and shall not be decided upon defendants' motion to alter or amend.

In accordance with the above paragraph, defendants' motion to alter or amend is granted in part.

## IV. MOTION FOR CLASS CERTIFICATION

■ In granting plaintiffs' motion for a preliminary injunction, this court directed that defendants develop new reimbursement rates that comply with federal law and ordered that interim rates be paid in the meantime. The court also rejected defendants' contention that the court should take no action prior to ruling whether the case should proceed as a class action. 822 F.Supp. at 689. We noted that the Supreme Court has stated: "[i]f a State errs in finding that its rates are reasonable and adequate ... then a provider is entitled to have the court invalidate the current state plan and order the State to promulgate a new plan that complies with the Act." *Id.*, quoting *Wilder v. Virginia Hospital Association,* 496 U.S. 498, 520 n. 18, 110 S.Ct. 2510, 2523 n. 18, 110 L.Ed.2d 455 (1990). While the preliminary injunction order was being appealed by defendants, plaintiffs filed a motion for class certification which has been opposed by defendants. On appeal, defendants asserted that this court erred in granting class-wide relief even though no class had been formally certified. The Tenth Circuit rejected this argument, citing the *Wilder* case and other authority, and stated, "[w]e ... affirm the district court's conclusion that class certification was unnecessary in this case." 31 F.3d at 1548. This ruling was made after the pending motion for class certification was filed.

Given the statement in *Wilder* and the holding of the Tenth Circuit, the court continues to doubt the necessity of class certification. Therefore, the court shall deny the motion for class certification without prejudice to either side again raising the issue in light of the Tenth Circuit's intervening decision.

## V. MOTION IN LIMINE

■ Defendants have filed a motion in limine which asks the court to ban three categories of evidence: 1) evidence of the adequacy of payment rates which followed the reimbursement rates directly challenged in this case; 2) evidence of the adequacy of payment rates for any nursing facilities other than the named plaintiffs; and 3) whether defendants complied with procedural requirements of the Boren Amendment in establishing the rates in question in this case.

The court is reluctant to issue a broad exclusion order at this point in the case. The court understands that the evidence described by defendants may have limited relevance. But, the court is not thoroughly convinced that the relevance is so limited or that the admission of the evidence would be so prejudicial or unfair that the motion in limine should be granted.

Therefore, the motion in limine shall be denied.

## VI. CONCLUSION

To summarize, plaintiffs' motion to strike is denied. Defendants' and plaintiffs' motions for summary judgment are denied. Defendants' motion to alter or amend is granted in part and denied in part. Plaintiffs' motion for class certification is denied without prejudice. Finally, defendants' motion in limine is denied.

**IT IS SO ORDERED.**