UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 95-20085
_____

CHARLES ROBERT LESLIE,

Plaintiff-Appellant/Cross-Appellee,

Versus

LLOYDS OF LONDON, also known as The Corporation of Lloyd's
also known as Lloyd's, also known as The Society of Lloyd's,
also known as The Committee of Lloyd's;

Defendant-Appellee/Cross-Appellant,

CHEMICAL BANK, INC.

Defendant-Appellee,

and

R. W. STURGE, also known as R. W. Sturge, Ltd.

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-90-1907)
_____

May 07, 1996

Before LAY,[*] HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[**]

Charles Robert Leslie appeals the district court's denial of

_____

[*]Circuit Judge for the Eighth Circuit, sitting by designation.

[**]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the Court has determined that this opinion should not be published.

his motion for a preliminary injunction against Lloyds of London ("Lloyd's") from presenting for payment Leslie's irrevocable letter of credit.  Leslie urges that without a preliminary injunction, he will suffer irreparable injury, and that the district court erroneously required him to prove his claim of fraud in the transaction.  Lloyd's cross-appeals, arguing certain findings of fact by the district court should be set aside because they address matters that are inappropriate in a preliminary injunction context. We affirm the judgment of the district court.

Facts

In 1976, Leslie was solicited for participation in an investment contract to underwrite insurance risks through Lloyd's. Participation required that Leslie apply and qualify for membership in Lloyd's which required him to prove financial means and deposit a specified sum by posting an irrevocable letter of credit in favor of Lloyd's; thereafter, Leslie became a "Name."  Each Name is responsible for his or her share of a syndicate's losses, but liability is unlimited for that share.  Leslie's letter of credit did not incorporate the terms of his agreement with Lloyd's, instead requiring only a "certified statement signed by and [sic] authorized official of the Committee of Lloyd's, London, England, certifying that the amount of the accompanying draft is due under the terms of Mr. C.R. Leslie's underwriting membership." Pl.'s Ex. 2.  Leslie earned profits as a Name through the underwriting year

1984, but thereafter has incurred substantial losses.

Leslie has refused to pay in regard to calls for losses from various syndicates in which he has participated as a Name. He filed a lawsuit against Lloyd's, claiming, among other things, that he was fraudulently induced into investing in Lloyd's and that Lloyd's misrepresented the scope of his potential liability. Because of Leslie's refusal to pay, Lloyd's claims it has the contractual right to draw down on his letter of credit and forward the funds to the syndicates that have issued calls to Leslie. Leslie filed a motion for a preliminary injunction against the operation of the letter of credit. The district court denied the motion, finding Leslie did not demonstrate that he will suffer irreparable injury if the letter of credit is honored, and did not establish that any fraud on the part of Lloyd's so vitiates his entire transaction with Lloyd's such that he was denied any value from his participation in the transaction. We have jurisdiction under 28 U.S.C. § 1291(a)(1).

## I. Injunctive Relief

### A. Irreparable Harm

Leslie argues that without a preliminary injunction, Lloyd's will be able to draw on the letter of credit, and he will be irreparably injured because of Lloyd's financial condition that

would limit, if not destroy, Leslie's ability to recoup even if he obtained a judgment on the merits against Lloyd's.

A preliminary injunction is an extraordinary and drastic remedy. Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). The decision to grant or deny a preliminary injunction lies within the discretion of the district court. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Accordingly, such an order may be reversed on appeal only upon a showing the district court abused its discretion. White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain a preliminary injunction, Leslie has the burden of proving four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to Leslie outweighs any damage the injunction might cause to Lloyd's; and (4) that the injunction will not disserve the public interest. Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A., 875 F.2d 1174, 1178 (5th Cir. 1989), cert. denied, 493 U.S. 1075 (1990). If the movant fails on any one element, a preliminary injunction may not issue. Thus, when the movant fails to prove that, absent the injunction, irreparable injury will result, the preliminary injunction should be denied. Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985); cf. Bonny v. Society of Lloyd's, 3 F.3d 156, 160 n.11 (7th Cir. 1993) (preliminary injunction denied pending litigation over forum

-4-

selection clause), <u>cert. denied</u>, 114 S. Ct. 1057 (1994).

The general rule is that there can be no irreparable injury where money damages would adequately compensate a plaintiff. <u>See, e.g.</u>, <u>City of Meridian v. Algernon Blair, Inc.</u>, 721 F.2d 525, 529 (5th Cir. 1983). The record in this case is clear that only money is at stake. While Leslie will suffer the immediate loss of money if Lloyd's draws upon the letter of credit, the very purpose of the letter of credit is to place the money in the beneficiary's hands while "contractual disputes wend their way towards resolution." <u>Enterprise</u>, 762 F.2d at 474 (quotation omitted). Moreover, as this court noted in <u>Enterprise</u>, a case involving an international letter of credit, "the requirements for preliminary injunctive relief, including the showing of a substantial threat of irreparable injury if the injunction is not issued, are to be strictly exacted so as to avoid shifting the contractual allocation both of the risk of loss and the burden of pursuing international litigation." <u>Id.</u> As the district court found, such monetary loss alone does not constitute irreparable harm sufficient to justify the issuance of a preliminary injunction.

Nonetheless, Leslie contends his expert testimony shows that Lloyd's financial situation is so precarious that he will never recover any monies from Lloyd's if he ultimately prevails, therefore, he is entitled to injunctive relief. <u>See</u> <u>Roland Mach. Co. v. Dresser Indus., Inc.</u>, 749 F.2d 380, 386 (7th Cir. 1984) (stating that a damage remedy may be inadequate if a defendant may become insolvent before a final judgment can be entered and

-5-

collected). We disagree. The district court judge found the testimony of Leslie's experts that Lloyd's liabilities might preclude collection of any future judgment too speculative and otherwise insufficient to satisfy Leslie's burden that no other adequate remedy at law exists in lieu of the requested injunction.[1] See Sampson v. Murray, 415 U.S. 61, 90 (1974) (noting that the "possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm" (quotation omitted)). This finding will be reversed only for clear error. Enterprise, 762 F.2d at 472. Such is not the case here.

## B. Fraud in the Transaction

Leslie next contends the district court erred by requiring him to meet the same burden of proof he would face in a permanent injunction hearing, rather than merely determining whether he proved a substantial likelihood on the merits. Specifically, Leslie contends the district court erroneously required proof of a separate element of "fraud in the transaction." Leslie's argument is unpersuasive.

The law surrounding presentment of letters of credit is well settled in Texas. See, e.g., Philipp Bros., Inc. v. Oil Country Specialists, Ltd., 787 S.W.2d 38, 40-41 (Tex. 1990). The

_____

[1]The record shows that even Leslie's experts testified "Lloyd's will sail on into the future." Tran. at 160.

-6-

obligation of the issuer bank to pay to the beneficiary upon presentment of conforming documents is independent of the underlying contractual relationship between customer and the beneficiary. Republic Nat'l Bank v. Northwest Nat'l Bank, 578 S.W.2d 109, 114 (Tex. 1978). Under this doctrine of independence, any contractual disputes between the customer and beneficiary are not the concern of the issuer; when conforming documents are presented, payment must be made. Tex. Bus. & Com. Code Ann. § 5.114(a). Presentment may not be enjoined unless there is a showing by the customer of fraud by the beneficiary. Id. § 5.114(b)(2). Fraud in the transaction is defined as "fraud in which the wrong doing of the beneficiary has so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligations would no longer be served." Philipp Bros., 787 S.W.2d at 40 (quotation omitted). The underlying transaction must have been a complete sham, from which no value was derived by the customer and with no purpose other than obtaining the customer's money through the letter of credit. See GATX Leasing Corp. v. DBM Drilling Corp., 657 S.W.2d 178, 183 (Tex. Ct. App. 1983). Moreover, proof of actionable fraud does not, in and of itself, necessarily justify an injunction. See Paris Sav. & Loan Ass'n v. Walden, 730 S.W.2d 355, 365 (Tex. Ct. App. 1987) ("We do not hold that there is no actionable fraud in either transaction. We hold only that there is no `fraud in the transaction' of the type required to fall within section 5.114(b).").

The district court found Leslie failed to show the type of

fraud in the underlying transaction that would destroy the legitimate purpose of the irrevocable letter of credit, noting he is a sophisticated investor who knowingly undertook the risks inherent in causing the issuance of a letter of credit in return for the rewards of international business. See Enterprise, 762 F.2d at 474. Moreover, the district court concluded that while Leslie has incurred losses as a Name, and may well incur further losses, Leslie admitted he derived value and benefitted from his membership in Lloyd's for eight years, both in earning overall profits and in using profits from certain syndicates to offset losses from unprofitable syndicates. Leslie v. Lloyd's, No. H-90-1907, at 17 (S.D. Tex. Nov. 2, 1994) (order denying preliminary injunction). Finally, while the district court determined Leslie's evidence indicated potentially fraudulent actions by Lloyd's, the evidence simply did not support a finding that Lloyd's did not intend for Leslie to benefit at all from the transaction underlying the letter of credit. Leslie therefore failed to establish substantial likelihood of success in his action on the letter of credit. Since Leslie failed to carry his burden on this element, the district court did not abuse its discretion in rejecting Leslie's claim for a preliminary injunction.

## II. Preliminary Findings

Lloyd's asserts the district court abused its discretion by making findings of fact that are inappropriate in the preliminary

injunction context.  While Lloyd's concedes the findings of fact are neither law of the case nor collateral estoppel as to other proceedings in United States courts, University of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Mylett v. Jeane, 910 F.2d 296, 299 (5th Cir. 1990), it nevertheless requests this Court to set them aside out of fairness, contending that other courts may attach undue significance to them.

Lloyd's request to set aside certain findings of fact would reduce the findings to bare conclusions and eliminate their primary function, which is to facilitate appellate review.  Chandler v. City of Dallas, 958 F.2d 85, 88 (5th Cir. 1992); see also Bose Corp. v. Linear Design Labs, Inc., 467 F.2d 304, 311 (2d Cir. 1972) (trial court's findings are of the highest importance to a proper review granting or denying a preliminary injunction).  Moreover, it would be premature to set aside the district court's findings at this stage of the proceedings.  After Leslie brought this appeal, the district court reconsidered the venue and forum selection issues raised by Lloyd's and denied Lloyd's motion to dismiss, confirming that Houston, Texas is a proper venue for this lawsuit and that the forum selection clause in the underlying agreement is unreasonable and unenforceable.  Leslie v. Lloyd's, No. H-90-1907, at 17 (S.D. Tex. Aug. 20, 1995) (order affirming, after reconsideration, magistrate's memorandum & recommendation).  The district court certified its order for interlocutory appeal.  In the order, the court referenced the findings from the preliminary injunction motion and indicated that those findings are to be

considered as part of its ruling denying Lloyd's motion to dismiss. Accordingly, the preliminary injunction findings will be necessary for this Court to properly review the appeal, see Chaiffetz v. Robertson Research Holding, Ltd., 798 F.2d 731, 734-35 (5th Cir. 1986) (noting the appellate court must know the basis for the district court's conclusion), and thus we decline to set them aside.

The judgment of the district court is AFFIRMED.  Each party shall pay its own costs.